FLETCHER and others *v.* NEW ORLEANS & N. E. R. Co.[1]

(*Circuit Court, E. D. Louisiana.* February, 1884.)

ARBITRATION.

Under a contract by which the defendant was to pay plaintiffs for work done upon certificates and estimates of defendant's chief engineer for the time being, the obligation of the defendant does not practically arise until the defendant is satisfied that the plaintiffs are entitled to compensation; and it was *held* that the defendant may not avail itself of the labor performed by the plaintiffs, and then "wrongfully, arbitrarily, unreasonably, and in bad faith," stand upon the literal terms of the contract and refuse to pay.

On Demurrer.

*Thomas J. Semmes, J. Carroll Payne, Henry J. Leovy,* and *Ernest B. Kruttschmidt,* for plaintiffs.

*Robert Mott* and *Walter D. Denegre,* for defendant.

PARDEE, J. Under the terms of the contract sued on in this case, the defendant is to pay the plaintiffs for work done, upon certificates and estimates of the defendant's chief engineer for the time being. "The chief engineer for the time being" is the creature of the company. Practically, then, under the terms of the contract, the obligation of the defendant to pay the plaintiffs for work done does not arise until the defendant is satisfied that the plaintiffs are entitled to compensation. The question in this case is whether the defendant, under its contract, may avail itself of the labor performed by plaintiffs, and then may "wrongfully, arbitrarily, unreasonably, and in bad faith" stand upon the literal terms of the contract and refuse to pay. The decisions are to the effect that, "in the absence of fraud, or such gross mistake as would necessarily imply bad faith, or a failure to exercise an honest judgment, his (the umpire's) action in the premises is conclusive." 97 U. S. 402; *Sweeney* v. *U. S.* 3 Sup. Ct. Rep. 344. In this case "fraud" is not specifically charged, but "bad faith" and "a failure to exercise an honest judgment" are. And it seems to me, with the relation between the umpire and the defend-

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

ant existing as seen above, that charging the action of the umpire to be arbitrary, unreasonable, wrongful, and in bad faith would include all the charges of fraud, collusion, and gross mistake necessary. In *Chapman* v. *Lowell*, 4 Cush. 378, it is held that in cases like this the umpire must not act arbitrarily, capriciously, and unreasonably. In a Wisconsin case similar to this it was held: "If fraud in the arbiter can ever be established by proof that he refused to certify the execution of the work when the same has been duly and properly performed, it can only be in those cases where the refusal is shown to have been palpably perverse, oppressive, and unjust, so much so that the inference of bad faith and dishonesty would at once arise were the facts known." *Hudson* v. *McCartney*, 33 Wis. 331. The difference in meaning between "perverse, oppressive, and unjust," in the Wisconsin case, and "arbitrary, unreasonable, and wrongful," in this case, is so little that the two cases may be considered as identical. Without undertaking to determine now how much the plaintiff may be required to prove on the trial of the case of arbitrary, unreasonable, and wrongful action in order to avoid the action, or failure of action, on the part of the defendant's "chief engineer for the time being," I am satisfied enough is alleged in the petition to put the company on its defense.

The exception that plaintiffs cannot demand further payment from the company without showing that all laborers, subcontractors, and material-men have been paid, and that no liens are recorded against the company, does not seem to be well taken. The suit is for damages in a large sum, as well as for balance due under the contract. The petition alleges that what, if anything, is due to such laborers, etc., is primarily due from the company, and plaintiffs reserve their rights to sue for it, if they are compelled to pay. Any rights the defendant may have in this regard may be brought in defense.

The exception will be overruled; and it is ordered.