ROBERT D. BRADNER, PLAINTIFF IN ERROR, v. HARRIET H. ROFFSELL, ADMINISTRATRIX, &c., DEFENDANT IN ERROR.

1. Where, by the terms of a building contract, the production by the builder of the architect's certificate of the completion of the building in accordance with the terms of the contract is a condition precedent to the recovery of the contract price from the owner, the fraudulent withholding of such certificate by the architect will dispense the builder from its production.

2. Proof that the architect, upon an inspection of the building, stated that it was completed according to the contract and that he would give the requisite certificate to the builder, coupled with proof of his arbitrary refusal to do so, are, if unexplained, competent proof from which a jury might find that the certificate was fraudulently withheld by the architect. In this connection, proof that the building was in point of fact completed in accordance with the contract at the time of its inspection by the architect is admissible.

3. A charge that " it would be *prima facie* evidence of fraud if the architect withheld his certificate without any substantial reason for so doing," guarded by a reference to the testimony—*Held*, to be not erroneous.

---

On error to Monmouth Pleas.

Argued at February Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff in error, *Frank Bradner.*

For the defendant in error, *Hawkins & Durand.*

The opinion of the court was delivered by

GARRISON, J.   This is an action against an owner for the balance of the contract price for building a house.   The suit

is by an executrix, who alleges that she completed the house, the building of which was begun under a sealed contract with her testator. There are two sets of common counts—one in a representative, the other in a personal, capacity. This method of pleading is illegal, and should have been adjusted at the trial. The failure to compel the plaintiff to elect did not, however, prevent a trial of the real controversy between the parties. The error was, therefore, one that after trial may be amended in the appellate court. It is further to be remarked that the use of the common counts at all, where the action is on a sealed instrument, is to be justified only upon the ground that the building was accepted by the defendant. Of this there was some testimony, which was submitted to the jury under a correct charge by the court upon this point. The real question in the case is, whether the plaintiff could recover without the production of the architect's certificate required by the contract. It has been decided by this court that the fraudulent withholding by an architect of his certificate under a building contract dispenses the builder from its production. *Chism* v. *Schipper*, 22 *Vroom* 1. In the application of this doctrine, it is evident that the question of fact in each case where a certificate has been withheld is whether such withholding by the architect was a fraud upon the builder. How fraud in this respect may be proved must depend upon the circumstances of individual cases. One of the ways in which it is conceived that the fraudulent conduct of the arbiter might be made to appear is by proving that he stated that the builder was in his opinion entitled to his certificate, followed by proof of an arbitrary refusal to furnish the certificate itself. In this line of proof one element would be evidence of the completion of the building in strict accordance with the terms of the contract; not with the object of substituting the opinion of the jury for the judgment of the architect, but for the purpose of supplementing the proof of the architect's expression of satisfaction by evidence that the condition of the work itself justified the good opinion he expressed concerning it. If the proof showed that there was at this time

a substantial defect in the work done or a substantial failure in its full completion, the subsequent withholding of his certificate by the architect could not be deemed fraudulent. But if the work presented no such defect, and the architect be shown to have expressly stated that the certificate was earned, his subsequent conduct in refusing to deliver the evidence of his opinion would, unless in some way explained, be proof of such a perversion of the agency reposed in him by the mutual agreement of the parties that the term " fraudulent" in respect thereto would fall within the meaning ascribed to that term by this court in the case of Chism v. Schipper, above cited. That the fraud of an architect in giving a certificate palpably not earned might be shown in this way, will not be questioned. Suppose the case of a building but partly erected, with respect to which it be proved that the architect said that it was not half finished, yet notwithstanding gave at the same time to the builder a certificate of completion, and that the whole of the contract price was due, can it be doubted that fraud thus shown would defeat a recovery by the builder, or that the unexplained inconsistence between the architect's expressed opinion and his contemporaneous conduct would be proof of a fraudulent administration of his office, or that the true condition of the building at the time would be competent proof in the establishment of such fraud?

Assuming that the withholding of the certificate by the architect, if fraudulent, dispenses the builder from its production, and that a fraudulent withholding may be shown by the line of proof that I have indicated, the question is whether, at the trial of this cause, proof of this character was made by plaintiff and its legal import correctly stated by the court in charging the jury.

Upon the first point there can be no question. Such testimony was, in several different aspects, presented by the plaintiff and admitted by the court over the objection of the defendant. So that the real point of inquiry is the charge of the court upon this point. The matter is alluded to by the presiding judge below several times in the course of his

remarks to the jury. Upon the occasion of its first mention, this is the language used :

" The court will charge you, as a question of law, that as a condition precedent to a recovery in this case it must have appeared in proof that the architect's certificate was either produced to the owner under the terms of the contract, or its production either waived or otherwise dispensed with. If not waived, it may be dispensed with only by proof that the certificate was withheld by fraud on the part of the architect. It would be *prima facie* evidence of fraud if the architect withheld his certificate without any substantial reason for so doing."

If the matter had been left here it may be that the use of the term " substantially " would be open to criticism as tending to substitute the verdict of the jury for the decision of the architect. But later in his charge, the meaning in which the word is used, viz., as opposed to certain " minor " items of work, clearly appears. The later language is as follows :

" There is some testimony in the case that may be considered by the jury as significant if believed and accepted as true upon the point that both the owner and the architect expressed satisfaction with the work, and that the architect agreed, in the latter part of June last, to give his certificate on the following morning after the meeting at the house and going over the work ; that on that occasion the architect called Mr. Van Horn's attention to two or three minor matters that he wished remedied, and then said, according to this evidence, he would give his certificate, and that on that occasion Mr. Bradner, the defendant, agreed to send the check for the money." And further : " The court does not charge you that there is no evidence of fraud in this case, and we do not charge you there is ; we leave that question to the determination of the jury."

I think these excerpts show that the case was left to the jury solely as a matter of fraud and not as one in which the *promise* of the architect was to be taken as the fulfillment of the condition precedent, nor as a case in which the jury were

to decide, as on a *quantum valebat*. This being so, there was no error in the manner in which the case was left to the jury upon the proofs that were correctly admitted during the trial. Certain other matters alluded to in the briefs of counsel are so entirely covered by the submission to the jury of the question of acceptance by the owner that further reference to them is unnecessary.

The judgment of the Common Pleas is affirmed.