[No. 4915.   Decided May 23, 1904.]

W. M. WINDHAM *et al., Respondents,* v. INDEPENDENT TELEPHONE COMPANY *et al., Appellants.*[1]

MECHANICS' LIENS — FORECLOSURE — EVIDENCE — SUFFICIENCY— SUBSTANTIAL COMPLETION OF BUILDING—ACCEPTANCE BY OWNER— ARCHITECT'S CERTIFICATE. An action to foreclose a mechanics' lien should not be dismissed, because it appears that it would take the trifling sum of $57 to complete a $3,850 building, where the record shows a substantial compliance with the contract, together with an offer on the part of contractors to complete any work, and where the building was ·received and occupied, and the refusal of the architect to furnish the required certificate was whimsical.

Appeal from a judgment of the superior court for King county, Morris, J., entered June 1, 1903, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, foreclosing a mechanics' lien. Affirmed.

*Piles, Donworth & Howe,* for appellants.

*Smith & Cole,* for respondents Windham et al.

*Hastings & Stedman,* for·respondents Baker et al.

1Reported in 76 Pac. 936.

DUNBAR, J.—This is an appeal from a judgment establishing a lien in favor of each of the respondents upon lot 3, block 15, C. D. Boren's addition to the city of Seattle, and decreeing a sale of the premises to satisfy said liens. The liens grew out of a building contract entered into between the appellant owners of the property and respondents Windham & Combs, building contractors. The other respondents furnished materials for the building. The respondents Windham & Combs sued for a balance on the original contract of $3,850, and for an amount due by reason of deviations from the original contract, in the sum of $1,723. The defendants prayed for the dismissal of the complaint, and for damages for violation of the contract in the sum of $2,000.

This case rests entirely upon the evidence, and, from a careful examination of the statement of facts, we are satisfied that the facts found by the court were justified by the evidence, and that the findings of fact justified the conclusions of law and the judgment. This case does not fall within the principles announced in *Schmidt v. North Yakima,* 12 Wash. 121, 40 Pac. 790, which is cited by appellants to sustain the contention that the action should have been dismissed for the reason that it appears that it would take $57.25 to complete the building, and for the further reason that no certificate had been furnished by the architect. In the first place, the item is trifling, compared with the amount which was due on the contract; in the second place, the record shows not only a substantial compliance with the contract, but an offer on the part of the contractors, seasonably made, to complete any work that might be found to be incomplete, and to make such slight repairs or corrections as might be required; and, in the third place, the building was re-

ceived by the appellants, who moved into and occupied it with the understanding, upon the announcement made by the architect and by the contractors, that the occupancy of the building at that time would constitute an acceptance of it. So that any question of the refusal of the architect to furnish a certificate becomes immaterial. In addition to this, the record shows a practical compliance with the contract, and the refusal of the architect to furnish a certificate was whimsical, and such refusal cannot prevent a recovery.

We are unable to discover any objection to the lien notices, and are not inclined to disturb the judgment of the court in relation to attorney's fees; and, without entering into a detailed analysis of the evidence, we are satisfied that substantial justice was done by the lower court, and the judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.