## WESTERN TERRA COTTA CO. *et al.* v. BOARD OF EDUCATION OF CITY OF SHAWNEE *et al.*

### No. 3024.   Opinion Filed November 18, 1913.

#### (136 Pac. 595.)

1. **MECHANICS' LIENS—Property Subject—Public Buildings.   In the absence of a statute in express terms authorizing it, there can be no mechanic's lien on the public buildings of a state, or the subdivision thereof, since such lien would be contrary to public policy and incapable of enforcement.**

2. **STATUTES—Construction—Law Adopted from Another State— Mechanics' Liens.   While it is the general rule that the Legislature of one state, in adopting a statute of another state, is presumed to have adopted the construction placed on such statute by the highest court of such other state prior to its adoption, yet this rule has its exceptions:   First, where the construction is contrary to the Constitution or the well-defined legislative policy of the adopting state; second, where the adopted statute exists in many other states, and such construction is contrary to the decided weight of authority in such states having substantially the same statute.**

(Syllabus by Sharp, C.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action by the Western Terra Cotta Company against the Board of Education of the City of Shawnee, the Warren-Smith Hardware Company and others.   From a judgment in favor of defendant Board of Education, both plaintiff and defendant, the Warren-Smith Hardware Company, bring error.   Affirmed.

*J. H. Woods,* for plaintiff in error Western Terra Cotta Co.

*L. G. Pitman* and *E. E. Hood,* for plaintiff in error Warren-Smith Hardware Co.

*Blakeney, Maxey & Miley,* for defendant in error Board of Education of City of Shawnee.

Opinion by SHARP, C.   On the 31st day of June, 1911, plaintiff, Western Terra Cotta Company, filed its petition in the

superior court of Pottawatomie county against the defendants, board of education of the city of Shawnee, state of Oklahoma, H. F. Van Orden, H. F. Van Orden & Son, Warren-Smith Hardware Company, I. C. Wood, A. M. McDonald and C. F. Wishart, a copartnership, trading as McDonald & Wishart, Shawnee Planing Mill Lumber Company, H. G. Newcomb, Taylor Lumber Company, J. S. Peoples, and Sam W. Currie, the object and purpose of which was to foreclose an alleged mechanic's lien, claimed by it on lots 26, 27, 28, 29, 30, and 32, block No. 7, of the amended plat of the city of Shawnee, owned by the said board of education, and on which it was at the time engaged in the erection of a school building, under a contract by it theretofore let to the defendants H. F. Van Orden and H. F. Van Orden & Son. The petition charged that plaintiff had sold, furnished, and delivered to said contractors certain building material used by them in the construction of the said school building. The petition is skillfully drawn, and it appears that all the steps necessary to the acquiring of a lien were complied with, if a mechanic's lien could attach on account of the public nature of the school property. The defendant Warren-Smith Hardware Company filed its answer and cross-petition, also claiming and asserting a lien upon the premises owned by the said defendant board of education. Demurrers were filed to both the petition and cross-petition by the board of education and, coming on to be heard, were sustained upon the ground that neither the said petition nor answer and cross-petition stated facts sufficient to constitute a cause of action against demurrant.

As stated by counsel for plaintiffs in error, the single question presented by this appeal is: Can the property of the defendant board of education be subjected to a mechanic's lien? Under section 8011, Comp. Laws 1909 (section 7745, Rev. Laws 1910), the public schools of each city organized in pursuance of law are made a body corporate and given the usual power of corporations for public purposes. It is admitted that the property upon which it was sought to fix and foreclose the liens, was public property, devoted exclusively to the use of the public

schools. The great weight of authority is to the effect that in the absence of a statute there can be no mechanic's lien on the public buildings of the state or subdivisions thereof, on the ground that such lien would be contrary to public policy and incapable of enforcement.

Conceding the general rule to be as stated, it is insisted, however, by counsel for plaintiffs in error that the territorial Legislature, having adopted the Kansas statute on the subject of mechanics' liens, and it having, prior to its adoption, been construed by the Supreme Court of Kansas so as to permit mechanics' liens to be filed against property devoted to the public use, such decisions are binding upon this court. The same contention was urged in *Hutchinson v. Krueger et al.*, 34 Okla. 23, 124 Pac. 591, 41 L. R. A. (N. S.) 315. It was there held by this court that, while it is a general rule that the Legislature of one state, in adopting the statute of another, is presumed to have adopted the construction placed on such statute by the highest court of such other state prior to its adoption, yet the rule is subject to the following exceptions: (1) Where the construction is contrary to the Constitution or the well-defined legislative policy of the adopting state; (2) where the adopted statute exists in many other states, and such construction is contrary to the decided weight of authority in such other states having substantially the same statute.

It is unnecessary to review or cite the authorities upon either of the questions presented, in view of the recent expression of this court in the foregoing case. The opinion is one that shows careful consideration and meets our hearty approval and enunciates the correct rule of decision governing and controlling the questions presented here.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.