## MINNETONKA LUMBER CO. *et al.* v. BOARD OF EDUCATION OF CITY OF SAPULPA.

No. 3119. Opinion Filed February 28, 1914.

(139 Pac. 384.)

**MECHANICS' LIENS**—Property Subject—Public Property. Neither the public buildings nor the land upon which same are situated, whether owned by the state or any subdivision thereof, are subject to the lien authorized by section 4527, St. Okla. 1893 (section 3862, Rev. Laws 1910), as such lien would be against public policy and unenforceable, and such property is not by statute expressly made subject to same.

(Syllabus by Thacker, C.)

*Error from District Court, Creek County;*
*W. L. Barnum, Judge.*

Action by the Minnetonka Lumber Company, a corporation, on account for material furnished and for foreclosure of materialman's lien against Emmet Brunson, as debtor, the Board of Education of the City of Sapulpa, Okla., a corporation, as owner of property against which lien was claimed, and the Spurrier Lumber Company, a corporation, as claimant of a like debt and lien, for which it filed cross-petition against said Brunson and said Board of Education. Judgment against Emmet Brunson, who does not appeal, and as to the Board of Education, against the Minnetonka Lumber Company and the Spurrier Lumber Company on their claims of liens as to major portion of Brunson's debt, from which they bring error. Affirmed.

*C. F. McMullan* and *W. R. Cowley,* for plaintiffs in error.

*W. Morris Harrison* and *Mars, Burke & Harrison,* for defendant in error.

Opinion by THACKER, C.   This is an action by one of the plaintiffs in error (the Minnetonka Lumber Company) for a personal judgment against Emmet Brunson, as debtor, in the sum of $502.85, and against defendant in error, as alleged owner of two acres of land upon which said Brunson, using material furnished to him by plaintiff, and thus giving rise to such debt, constructed a public school building (said land and building owned by defendant in error for public school purposes), under contract with defendant in error, for which he received $1,425 from the latter as full compensation, except $75 still owing, after plaintiff in due form had filed its claim of lien against said property as security for said debt under section 4527, St. Okla. 1893, as amended by L. 1895, p. 316, the same, with further amendment immaterial here, being section 3862, Rev. Laws 1910; the other plaintiff in error (the Spurrier Lumber Company) being also named as a defendant in the trial court and, with its answer admitting the allegations of plaintiff's petition, filing a cross-petition similar to plaintiff's petition, for personal judgment against said Brunson for $1,711.60 and for foreclosure of a like lien claimed against defendant in error.

Each of the plaintiffs in error recovered a personal judgment against Brunson for the said amount of its claim, and the Minnetonka Lumber Company for $13.20 of the same, and the Spurrier Lumber Company for $1.85 of the same, also obtained judgment establishing their liens and for foreclosure of same against the defendant in error; but judgment was denied both these plaintiffs in error against said property and defendant in error as to remainder of the Brunson debt upon the finding of the trial court that the material furnished, from which all the indebtedness claimed, except said $13.20 and said $1.85, arose, was so furnished more than four months before any claim of lien was filed, and was so furnished under a separate and distinct contract from that under which the claims for said $13.20 and

said $1.85, respectively, subsequently arose, and upon other findings, all of which become immaterial in view of another ground upon which this case may and should be decided.

It is well settled in this state that, in the absence of any statute expressly authorizing it, there can be no such lien on the public buildings or property of the state, nor of any subdivision thereof, as the same is forbidden by public policy and unenforceable; and section 4527, St. Okla. 1893 (section 3862, Rev. Laws 1910), does not authorize said lien. *Western Terra Cotta Co. & Warren Smith Hdw. Co. v. Board of Education of the City of Shawnee et al.,* 39 Okla. 716, 136 Pac. 595; *Hutchinson v. Krueger et al.,* 34 Okla. 23, 124 Pac. 591, 41 L. R. A. (N. S.) 315.

The judgment of the trial court, denying the claim of lien by plaintiffs in error, should be affirmed.

By the Court: It is so ordered.