## GLOYD v. MORRIS et al.

No. 3090.    Opinion Filed May 12, 1914.

(140 Pac. 1149.)

MECHANICS' LIENS — Property Subject — Property of Municipality. No lien authorized by section 4527, St. Okla. 1893 (section 3862, Rev. Laws 1910), will attach to any real property of a city used for public purposes, as such lien would be against public policy and unenforceable, and such property is not by statute expressly made subject thereto.

(Syllabus by Thacker, C.)

*Error from District Court, Okmulgee County; Wade S. Stanfield, Judge.*

Action by S. M. Gloyd against M. C. Morris and others, copartners doing business under the firm name of M. C. Morris & Co., contractors, and L. R. Moss, subcontractor, as debtors, for balances due on material furnished, and against the City of Okmulgee, Oklahoma, owner of real property, for foreclosure of alleged materialman's lien on said property. Judgment for plaintiff against said debtors, and for defendant City of Okmulgee denying lien. Plaintiff brings error. Affirmed.

*Shartel, Keaton & Wells* and *Matthews & Ellison,* for plaintiff in error.

Opinion by THACKER, C. Plaintiff in error, who was plaintiff below, brought this action to recover of contractors doing business in the name of M. C. Morris & Co. and of a subcontractor by the name of L. R. Moss balances of $1,289.55 and $220.65, respectively, owing for material furnished them and by them used in the construction of a city hall and fire station for and owned by the city of Okmulgee, and to foreclose an alleged materialman's lien upon said property of said city. Judgment was given as prayed against contractors and subcontractor for the debts mentioned, but the prayer for judgment establishing and foreclosing said lien was denied and judgment given in favor of said city, from which adverse judgment plaintiff brings error here for review.

The only question to be considered and determined here is as to whether the lien authorized by section 4527, St. Okla. 1893 (section 3862, Rev. Laws 1910), will attach to such property of a city; and following prior decisions of this court, we are of the opinion that the lien claimed did not and could not so attach. *Western Terra Cotta Co. & Warren Smith Hdw. Co. v. Board of Education of City of Shawnee et al.*, 39 Okla. 716, 136 Pac. 595; *Hutchinson v. Krueger et al.*, 34 Okla. 23, 124 Pac. 591, 41 L. R. A. (N. S.) 315; *Minnetonka Lumber Co. et al. v. Board of Education of City of Sapulpa*, 41 Okla. 541, 139 Pac. 284.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.