# HARRAH STATE BANK v. SCHOOL DISTRICT NO. 70, OKLAHOMA COUNTY.

No. 3845.    Opinion Filed June 15, 1915.

(149 Pac. 1190.)

1. APPEAL AND ERROR—Defect of Parties—Objection. A defect of parties must be taken advantage of either by demurrer or answer, and when such objection is not made at the trial in the manner required by statute, same is waived and cannot be urged for the first time in the Supreme Court.

2. BANKS AND BANKING—Conversion of Bank Deposit—Necessary Parties—Contractor—Counterclaim. In an action against a bank for balance of a deposit alleged to have been wrongfully converted, the bank answered by general denial and counterclaim, setting out a written acceptance payable "as estimates are made by the architect, and comes due according to contract on the school building," which was given by the contractor to the bank and accepted by the depositor. **Held**, that the contractor was not a necessary party to the action.

594 SUPREME COURT OF OKLAHOMA.

Harrah State Bank v. School Dist. No. 70, Oklahoma County.

3. **SAME—Reception of Evidence—Issues.** In such action, evidence was admissible upon the issues raised by the cross-petition and reply, and the action of the court in excluding same was error.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by School District No. 70, Oklahoma County, against the Harrah State Bank. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Ledbetter, Stuart & Bell,* for plaintiff in error.

*Everest, Smith & Campbell,* for defendant in error.

HARDY, J. Defendant in error commenced this action against plaintiff in error to recover the balance of a deposit alleged to be due from the bank. The answer of the bank admitted the deposit, but pleaded, as a counterclaim or offset, a certain written order in words and figures as follows:

"HARRAH, OKLA., 1-20-10.

"To the Honorable School Board of School District No. 70, of Harrah, Oklahoma: Please pay to the Harrah State Bank, of Harrah, Oklahoma, $3,500.00, as estimates are made by the architect, and comes due according to contract on school building.

"[Signed] W. A. JONES."

"We, the undersigned, members of the school board, accept the above contract.

"[Signed] WALTER WILSON.
"A. C. HALE.
"GEO. SANDERS, *Treas.*"

It was alleged that Jones, under this order, was indebted to the bank in the sum of $3,500; that he held a contract with defendant in error for the erection of a school building; and that, shortly after the acceptance of such order by the school board, Jones was wrongfully discharged and prevented from completing the building, and

that the sum claimed under said order became due the bank or would have become due except for the wrongful act of the board in discharging Jones. Reply was filed to the answer and counterclaim, in which defendant in error admitted the execution and acceptance of the order, and alleged that same was conditional, and that the conditions named therein upon which it agreed to pay said sum had not happened, and denied that any sum was due the bank upon said order. It was further alleged that by reason of the violation of the terms of the contract by Jones, as specifically set out, the school district took charge of the work under the terms of the contract, and completed the building, and that there was due the contractor no estimate or sums of money whatever. A copy of the contract with Jones, and of the certificate of the architect recommending his discharge, and a copy of the notice to Jones were attached. At the close of the evidence the court instructed the jury to return a verdict for the plaintiff for $3,500, and the bank brings error.

At the threshold we are confronted with the question of whether the order given by Jones and accepted by the school district assigned or transferred to the bank any interest which Jones may have had, so as to enable the bank to maintain its counterclaim thereon. Under the provisions of section 4681, Rev. Laws 1910, every chose in action, not founded on a tort, is assignable, and the right of action is conferred upon the assignee; and it is further required that the action shall be prosecuted in the name of the real party in interest. *Gillette v. Murphy*; 7 Okla. 91, 54 Pac. 413; *Minnetonka Oil Co. v. Cleveland*, 27 Okla. 180, 111 Pac. 326. Under the provisions of the foregoing statute and the decisions cited, an assignment of itself would be sufficient to vest in the bank any sums which might become due to Jones according to the terms of the contract. In this case, however, there is an addi-

tional fact to be considered. The order given by Jones to the bank was presented to and accepted by the school district. That being so, there would be a new and direct promise from the school district to the bank, and any obligation of the district accruing upon the contract according to its terms would inure to the benefit of the bank, not to exceed the amount of the order, and might be urged by the bank in this case. *Delaware County v. Diebold Safe & Lock Co.*, 133 U. S. 473, 10 Sup. Ct. 399, 33 L. Ed. 674.

The next question necessary for us to consider is whether the contractor, Jones, was a necessary party to this action. The trial court apparently entertained the view that the issues upon the counterclaim based upon the order of Jones to the bank, which was accepted by the school district, was not properly triable in this case, for the reason that same could not be litigated between the school district and the bank, but that it was necessary for Jones to be a party before same could be properly considered, and therefore excluded evidence offered for the purpose of establishing the allegations of the bank's counterclaim, and error is urged in the exclusion of the evidence so offered.

If Jones was a necessary party to this proceeding, then the action of the court in excluding the evidence was proper, while, on the other hand, if the issues, as made by the pleadings, might properly be tried without his presence, then the action of the court was error, and the case should be reversed for that reason.

Section 4696, Rev. Laws 1910, is as follows:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

Under this section the court could lawfully determine the controversy between the parties hereto without the presence of Jones, if it could be done without prejudicing his rights; and as before stated, if this could be done, evidence in support of the allegations of the counterclaim would be admissible. While Jones may have been a proper party to this litigation, and might have been brought in upon the request of either party, yet he was not a necessary party, and the failure to bring him in does not affect the right of the court to determine the issues presented. *Delaware County v. Diebold Safe & Lock Co., supra.* In this case the Supreme Court of the United States Said:

"Besides, the first paragraph or count of the complaint (upon which line the trial proceeded) alleged that the defendant not only had notice of the assignment to the plaintiff, but consented to that assignment. If that were so, there would be a new and direct promise from the defendant to the plaintiff, and the assignors would be in so sense parties to the cause of action."

If either party desired to take advantage of the absence of Jones, the same should have been brought to the attention of the court by demurrer or by answer. Section 4740, Rev. Laws 1910, provides that a demurrer may be filed to a petition when it appears on its face:

" *   *   *   Fourth. That there is a defect of parties plaintiff or defendant."

Section 4742 is as follows:

"When the defects do not appear upon the face of the petition, *   *   *   objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action."

By section 4753, when the answer contains new matter, the plaintiff may demur to the same, stating in his demurrer the grounds thereof.

From the record before us, neither party made any objection to the proceeding because of the absence of Jones as a party, and they proceeded to trial upon the issues as framed. Under the uniform decisions of this court, where a party desires to take advantage of a pleading for a defect of parties, he must interpose his objection in the manner provided by law, and, upon a failure to do so, he will not be permitted to raise such question for the first time in the appellate court.

Under the allegations of the answer and counterclaim, it is contended that the architect wrongfully withheld from the contractor two certain estimates, which, according to the terms of the contract, he was entitled to. The last estimate furnished was on January 16, 1910, and the contract provided that estimates should be furnished every 14 days. The district took charge of the building on or about the 8th day or 10th day of February, 1910; and Jones would, therefore, according to the terms of the contract, be entitled to an estimate on January 29th, and another on February 12th, for 80 per cent. of the work done and materials furnished, unless these estimates were rightfully withheld in the fair and honest judgment of the architect, for a violation of the terms of the contract by Jones. The amount of work performed between these two dates, according to the evidence, was between $1,800 and $1,900. The school district claimed that Jones had violated the terms of his contract in various particulars, and under the terms thereof it was entitled to withhold, and did by reason thereof withhold, the amounts that would have become due according to said estimates, had they been given, and these pleadings raised an issue of fact which should have been submitted to the jury.

It is also claimed by the bank that, after the completion of the work by the school district, there was a balance due of $1,256.94. At the time the last estimate was

furnished to Jones, on January 15, 1910, there was a balance due on the total contract price of $5,827.00, as shown by said estimate, and the district alleged in its reply that it had paid out in the completion of said building, after taking possession thereof, the sum of $4,570.06, which, if true, would leave a balance, according to said estimate, of $1,256.94; and the bank claims that, in any event, it would be entitled to this balance, while the district claims that it was entitled to withhold said sum for the reason that no estimates were given by the architect, and for the further reason that liens had been filed and were about to be filed upon the building in excess of any balance due under the terms of the contract, and they were entitled to withhold said sum, under the terms of the contract, to indemnify themselves against any liability by reason of these liens.

The contract provided that the architect's certificate should be furnished before any payments were due to Jones, and that the contract price should be paid only upon certificates of the architect, and that final payment should be made within 14 days after completion of the work; and all payments should be due when certificates for same were issued; and if the same were wrongfully withheld and refused by the architect, and this fact could be established, then the necessity therefor would be obviated.

The New York Court of Appeals, in *Thomas v. Fleury,* 26 N. Y. 29, in passing upon a similar question, say:

"Regarding the action, however, as brought exclusively upon the contract, and that the obtaining of the architect's certificate was a condition precedent to a recovery, a failure in the latter respect would not be fatal to the plaintiff's right. The architect was the defendant's agent, and, if he unreasonably and in bad faith refused the certificate, the plaintiff is not to be held responsible, but he may establish his right to recover by other evidence. The certificate is mere evidence of the substantial fact of performance;

600        SUPREME COURT OF OKLAHOMA.

Harrah State Bank v. School Dist. No. 70, Oklahoma County.

and, if the kind of evidence of the fact stipulated for is obstinately and unreasonably withhold, a forfeiture of is not to be exacted, for that reason, from the plaintiff."

In the case of *Bentley v. Davidson,* 74 Wis. 420, 43 N. W. 139, it is said:

"Though a builder has agreed that the architect's certificate shall be a condition precedent to every payment on the work, he may recover the amount due, if he can prove that the work is completed in accordance with the contract, and that the certificate is arbitrarily or dishonestly withheld."

So in *Bradner v. Roffsell,* 57 N. J. Law, 32, 29 Atl. 317, it was also held:

"Where, by the terms of a building contract, the production by the builder of the architect's certificate of the completion of the building in accordance with the terms of the contract is a condition precedent to the recovery of the contract price from the owner, the fraudulent withholding of such certificate by the architect will dispense the builder from its production."

See, also, *Fletcher v. New Orleans & W. E. R. R.* (C. C.) 19 Fed. 731; *Windham v. Independent Tel. Co.,* 35 Wash. 166, 76 Pac. 936.

The district also alleges, as one of its reasons for withholding estimates of the amounts claimed, that liens had been filed upon the building in excess of any amount that might have been due to Jones under the contract. We have repeatedly held that a mechanic's lien for material furnished or work performed will not attach to a school building in this state (*Hutchison v. Krueger et al.,* 34 Okla. 23, 124 Pac. 591, 41 L. R. A. [N. S.] 315, Ann. Cas. 1914C, 98; *Western Terra Cotta Co. v. Bd. of Education of Shawnee,* 39 Okla. 716, 136 Pac. 595; *Minnetonka Lumber Co. v. Bd. of Education of Sapulpa,* 41 Okla. 541, 139 Pac. 284; *School Dist. No. 27 v. Graham,* 45 Okla. 531, 146 Pac. 213), and therefore the mere filing of a claim

for lien would not create an incumbrance upon the building. There was no evidence in the record of any liens upon the building, and therefore this could not be urged as a defense to the counterclaim, in the absence of proof. If it should develop upon a retrial of the case that liens were in fact filed and judgment of foreclosure rendered by the court, a different question would be presented, which we are not called upon to decide at this time.

For the error of the court in excluding the evidence offered upon the issues made by the cross-petition and reply, and instructing a verdict, the case is reversed and remanded for a new trial.

All the Justices concur.