GUY H. JAMES CONSTRUCTION
COMPANY, an Oklahoma
corporation, Appellee,

v.

STATE of Oklahoma ex rel. OKLAHOMA DEPARTMENT OF TRANSPORTATION, Appellant.

No. 54006.

Supreme Court of Oklahoma.

Dec. 14, 1982.

Jan Eric Cartwright, Atty. Gen., Victor G. Hill, Jr., Asst. Atty. Gen., Oklahoma City, for appellant.

Karen L. Howick, Oklahoma City, for appellee.

WILSON, Judge:

Appellee, Guy James Construction Co., brought this action for declaratory relief to determine the constitutionality of Title 61 O.S.1971, § 16.[1] Specifically, Guy James challenged actions taken in accordance with this statute by the appellant, The Oklahoma Department of Transportation. After a hearing on a motion for summary judgment, the trial court held the statute unconstitutional for lack of due process. The question presented on appeal is whether a statute authorizing a state agency to withhold money due on contract accords with due process when the withholding is triggered by an unverified claim of an alleged creditor and when the statutory procedure affords neither prior notice nor opportunity to be heard to the alleged debtor.

The trial court based its holding primarily on the due process standard set forth in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In *Fuentes,* the United States Supreme Court invalidated prejudgment garnishment statutes which allowed personal property to be seized merely upon the ex parte application of one claiming a right in the property. The Court held that, except in unusual circumstances, the debtor must be afforded notice and opportunity to be heard before being deprived, even temporarily, of any significant property interest.

This Court recently considered the *Fuentes* standard for procedural due process in *Mobile Components, Inc. v. Layon,* 623 P.2d 591 (Okl.1980), a case involving a constitutional challenge to Oklahoma's mechanics' and materialmen's lien laws in Title 42 O.S.1971, §§ 141 et seq.[2] In *Mobile* the Court recognized the validity of the *Fuentes* standard, but described as *de minimus* the interference with property interests authorized by 42 O.S.1971, §§ 141 et seq. *Mobile,* at 596. The Court observed that the lien statement merely gives notice

1. Withholding of payment to contractors in default for labor or materials—Institution of legal action

   Any person furnishing labor or materials for a public work who has not been paid therefor may file at any time prior to the expiration of twenty (20) days following the completion of a contract for public work a stop notice with the public agency concerned and thereby cause the withholding of payment to the contractor for the public work the amount claimed by such person. Any public agency receiving such notice shall mail a copy of this statute requiring action within twenty (20) days to the party making such claim. Any such person having no direct contractual relationship with the contractor, other than a person who performed actual labor for wages, may file such a notice, but no payment shall be withheld from any such contractor after the expiration of said twenty (20) days, unless the party making a claim shall have served the public agency with proof that he has instituted a legal action within such time to effectuate collection. Upon the filing of a legal action, the public agency shall withhold the amount claimed in the action, and pay the balance to the contractor. Failure by the claimant to comply with the requirements set out in this act and to post statutory guarantees shall release the public agency from the obligations imposed by the act.

2. The mechanics' and materialmen's lien statutes in Title 42 O.S.1971, § 141 et seq., have not been construed to allow liens against public property, on the basis that such liens would be contrary to public policy and incapable of enforcement. *Western Terra Cotta Co. v. Board of Education of City of Shawnee,* 39 Okl. 716, 136 P. 595 (1913). Title 61 O.S.1971, § 16 appears to be an attempt to extend a protection similar to that found in Title 42 to laborers and materialmen on public construction projects.

to subsequent purchasers that a claim may be enforced against the land. The landowner continues to enjoy the use of the property and, in fact, may alienate or dispose of it despite the cloud on the title. *Mobile,* at 595. The Court held that the filing of a lien statement pursuant to these laws does not amount to a taking of "a significant property interest" to which the requirements of due process attach. *Mobile,* at 597. In contrast, Title 61 O.S.1971, § 16 provides that a laborer or materialman may file a stop notice with the state agency concerned in the construction project. The agency is then authorized to withhold the amount claimed from the payments then due and owing to the general contractor. Instead of authorizing a lien statement on property, Title 61 O.S.1971, § 16 allows a withholding of monies earned for an indefinite period of time. We hold that depriving the general contractor of the use of money earned constitutes interference with a significant property interest to which the requirements of due process attach.

Once it is determined that due process considerations attach, there remains the question of what constitutes due process in a given situation. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). The United States Supreme Court has held in a variety of contexts that the requirements of due process are flexible and do not mandate a particular form or method of state procedure. *Morrissey v. Brewer,* at 481, 92 S.Ct. at 2600; *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Hardware Dealers Mutual Fire Ins. Co. v. Glidden Co.,* 284 U.S. 151, 158, 52 S.Ct. 69, 76 L.Ed. 214 (1931). But at a minimum, due process requires notice and an opportunity for hearing appropriate to the nature of the case before deprivation of any substantial property interest. *Bell v. Burson,* 402 U.S., at 541, 542, 91 S.Ct. at 1590, 1591; *Staton v. Mayes,* 552 F.2d 908 (10th Cir.1977). In discussing the current due process standard for prejudgment garnishment statutes, this Court has said:

In the absence of extraordinary circumstances, certain procedural safeguards must be followed before a person is deprived of a significant property interest. Generally, he must be given notice of the creditor's claim, and an opportunity to be heard before his property may be seized. However, if the interests of the creditor cannot be protected by allowing such prior notice and hearing, then there must be other procedural safeguards to sufficiently protect the property rights of the alleged debtor. *Mobile,* at 593, 594.

Applying this standard to Title 61 O.S.1971, § 16 it is apparent that the necessary safeguards are lacking.

First, it should be noted that this statute does not address an emergency situation. The claimant may claim against the contractor's statutory payment bond pursuant to 61 O.S.1971, § 1 et seq., and additionally, the claimant has an equitable claim against money due and owing as recognized in *Standard Accident Insurance Co. v. United States Casualty Co.,* 199 Okl. 530, 188 P.2d 204 (1947) and in *Stroud Oil Reclaiming Co. v. Community Bank of Bristow,* 475 P.2d 819 (1970).

Second, the statute contains no provisions for prior notice or hearing. The contractor first learns of the claim only after he receives a payment which reflects the withholding, and he is given no opportunity to contest the claim either before or after the money is withheld. The contractor is faced with two choices: he must either find the claimant on his own and settle the dispute or be deprived of his payment until trial of the issues in a court of law.

Third, even if it were the intention of the legislature that the interests of the materialmen and laborers could not be adequately protected if prior notice and hearing were allowed, Title 61 O.S.1971, § 16 fails to establish alternative safeguards.

In addition to the grievous omissions concerning notice and hearing, the statute is fatally imprecise. The statute does not specify what information is required to file the claim nor does it require the claim to be verified in any way. The statute purports to require the claimant to post "statutory

guarantees", but there is no specific direction as to which statutory guarantee covers this situation. In addition, the statute contains no provision authorizing the agency to release the funds withheld.

Clearly, Title 61 O.S.1971, § 16 fails to meet the constitutional standard for procedural due process. This standard is meant to be flexible to allow protection of the rights of all parties involved. But in the absence of unusual circumstances, the statute must at a minimum provide for prior notice to the alleged debtor and a hearing appropriate to the nature of the case. The form of these safeguards is open to many possible variations, but they must be designed to establish the probable validity of the claim and to minimize the risk of wrongful withholding.

For the reasons stated herein, we affirm the holding of the trial court.

IRWIN, C.J., BARNES, V.C.J., and HODGES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ.

LAVENDER, J., concurs in result.