John **BARBER** and Stewart
**Moss, Appellants,**

v.

**SPECIAL INDEMNITY FUND and
Claudette Henry, State Treasurer of
The State of Oklahoma, Appellees.**

No. 81642.

Court of Appeals of Oklahoma,
Division No. 1.

April 12, 1994.

Mark O. Thurston, Tulsa, for appellants.

Dominic Sokolosky, Tulsa, for appellee Special Indemnity Fund.

Guy L. Hurst, Oklahoma City, for appellee Claudette Henry.

*MEMORANDUM OPINION*

HANSEN, Judge:

Appellants, John Barber and Stewart Moss, seek review of the trial court's order which sustained Appellees', Special Indemnity Fund (the Fund) and Claudette Henry as

State Treasurer (Garnishee), motion to vacate a garnishment order and to dismiss garnishment proceedings. We affirm.

Appellant Barber obtained an order of the Workers' Compensation Court against the Special Indemnity Fund for permanent total disability. Appellant Moss was Barber's attorney and was awarded an attorney fee in lump sum payable every fifth week until recouped. Based on the Fund's failure to pay the attorney fee, Appellants obtained a judgment from the Workers' Compensation Court commuting both Barber's and Moss's awards to lump sums. Appellants filed this judgment and a Garnishment Affidavit in the District Court of Tulsa County, Oklahoma. Garnishment summons was issued to Appellee Henry in her capacity as State Treasurer. Thereafter, a Garnishment Order was rendered, commanding Garnishee to pay into Court the sum of $52,162.68. The Fund filed its Motion to Vacate Garnishment Order and Motion to Dismiss for Lack of Subject Matter Jurisdiction, which motions were sustained. The court found that under 12 O.S. 1991, § 1186 and *Carl Merveldt & Son v. Biggs,* 194 Okla. 55, 147 P.2d 146 (1944) the State Treasurer is immune from garnishment proceedings and liabilities, except as specifically waived by 12 O.S.1991, §§ 1192–1194. The trial court further found that §§ 1192–1194 were not applicable in this action.

Section 1192 of Title 12 of the Oklahoma Statutes provides:

> That it shall be lawful for any creditor of any person, firm or corporation in this state, to whom the state or any county, city town, school board, board of education or any municipal subdivision of the state is indebted, to cause a garnishment to issue to, and to garnishee sums, wages or other sums due such creditor of the state or such municipality to the same extent and in like manner as if such creditor of the state or such municipality was a creditor of a private individual, firm or corporation; provided, however, that such officer or employee of said state, county or municipality shall be entitled to the exemptions as to amount of such wages, salary, fund or compensation due thereto, as is exempt from attachment, execution or garnishment in favor of officers or employees of private individuals or corporations.

On appeal, Appellants argue the Fund is not a "state agency" but a "person, firm or corporation" and is therefore not entitled to immunity from garnishment. Appellants maintain the State Treasurer is "indebted" to the Fund and that they may garnish the State as creditors of the Fund. Appellants also contend the language in 85 O.S.1991 § 173(J) is a legislative waiver of immunity from garnishment.[1]

The Special Indemnity Fund is created in 85 O.S.1991, § 173. The purpose of the Fund is to protect employers against responsibility for combination of old and new disabilities so that employers can hire a physically impaired person without fear of having to pay for prior disabilities and to encourage employment of previously impaired workers. *Petroleum Maintenance Co. v. Herron,* 201 Okla. 393, 206 P.2d 182, 183 (1949); *Special Indemnity Fund v. Figgins,* 831 P.2d 1379, 1381 (Okla.1992). Contributions to the Fund are made to the Oklahoma Tax Commission who in turn, remits the funds to the State Treasurer "to the credit of the Special Indemnity Fund". The Fund is administered by the State Insurance Fund of the State of Oklahoma. 85 O.S.1991, § 175.

85 O.S.1991, § 173(J) provides:

J. The Oklahoma Tax Commission shall pay, monthly, to the State Treasurer to the credit of the Special Indemnity Fund, all monies collected under the provisions of this section. The State Treasurer shall pay out of the Special Indemnity Fund only upon the order and direction of the Court of this state acting under the provisions hereof.

We disagree with Appellants characterization of the Fund as a "debt" which is owed by the State Treasurer to the Special Indemnity Fund. Under 85 O.S.1991, § 173(J), the

---

1. Although Appellee Special Indemnity Fund made a motion to dismiss this appeal in their Response to the Petition in Error, such motion was not briefed. Accordingly, it will be treated as waived.

State Treasurer is the paying agent for the Fund, not a creditor of the Fund. The monies in the Fund are more akin to a trust held for the benefit of those entitled to the funds under 85 O.S.1991, § 172. Furthermore, this section simply provides for the administration of the Fund, it cannot be considered a specific legislative waiver of immunity from garnishment. Also, Appellants are not creditors of a "person, firm or corporation": the Fund is a *fund,* not in fact an entity, as Appellants noted in their brief before the trial court.

Section 1186 of Title 12 of the Oklahoma Statutes provides in part:

> No judgment shall be rendered upon a liability of the garnishee arising—

> \*  \*  \*  \*  \*  \*

> Third. By reason of any money in his hands as a public officer, and for which he is accountable to the defendant merely as such officer.

■ This statute is a declaration of the common law as it exists in the absence of a specific statutory provision. *Carl Merveldt & Son v. Biggs,* 194 Okla. 55, 147 P.2d 146 (1944). In the absence of a specific statutory provision waiving such immunity, states, political subdivisions and officers and agents thereof are immune from garnishment process and liabilities incident thereto. *Id.* The trial court correctly determined the waiver of immunity from garnishment in 12 O.S.1991, §§ 1192–1194 was inapplicable to this action.

The judgment of the trial court is accordingly, AFFIRMED.

JONES, P.J., and ADAMS, J., concur.