2001 OK CIV APP 74

**BROADWAY MEDICAL CENTER, INC., Plaintiff/Appellant,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF CENTRAL SERVICES, Defendant/Appellee.**

**No. 94,391.**

Court of Civil Appeals of Oklahoma, Division No. 2.

May 15, 2001.

Scott G. Robelen, Oklahoma City, OK, for Plaintiff/Appellant.

Honorable Drew Edmondson, Attorney General, S. Louis Little, Assistant Attorney General, Oklahoma City, OK, for Defendant/Appellee.

COLBERT, Judge:

¶ 1 Appellant, Broadway Medical Center, appeals the district court's judgment in favor of Appellee, State of Oklahoma. The issue on appeal in this action to enforce a lien is whether the district court erred in holding that the lien was unenforceable against State. Upon review of the record and applicable law, we conclude that the district court did not err and, therefore, affirm its judgment.

¶ 2 On April 24, 1998, Charlene Green was injured in an automobile accident negligently caused by a State employee acting within the course and scope of his employment. She was treated at Broadway Medical Center, incurring medical expenses which were later discharged in bankruptcy.

¶ 3 Broadway filed a physician's lien for the amount of Green's medical expenses and notified State of its lien.[1] State replied by letter and cited 51 O.S.1991 § 159(E), stating

that Broadway's lien was prohibited by state law and would not be honored. State and Green settled the claim for an undisclosed amount, and Green released State from any further claim.

¶ 4 Broadway then filed this action against State to enforce its lien. State filed a motion to dismiss, asserting that public property cannot be subject to a lien; that State had sovereign immunity; and that Broadway had failed to perfect the lien. The district court granted State's motion, finding that Broadway's lien was unenforceable because liens cannot attach to state property. Broadway appeals.

STANDARD OF REVIEW

¶ 5 State argued in its motion to dismiss and argues here that Broadway's lien was unenforceable because public property cannot be subject to a lien. Broadway asserts that, once funds were set side to settle Green's claim against State, the character of those funds changed such that they were no longer state property and were subject to a lien. This presents an issue of law and our standard of review is de novo. *Clayton v. Fleming Cos., Inc.*, 2000 OK 20, ¶ 11, 1 P.3d 981, 984. Under this standard, we have "plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings." *State ex rel. Dep't of Human Serv. v. Baggett*, 1999 OK 68, ¶ 4, 990 P.2d 235, 238.

DISCUSSION

¶ 6 In the absence of a statute expressly authorizing it, there can be no lien on public property. *Minnetonka Lumber Co. v. Board of Educ.*, 1914 OK 93, ¶ 3, 139 P. 284, 285; *see also Western Terra Cotta Co. v. Board of Educ.*, 1913 OK 678, ¶ 2, 136 P. 595, 596. Not only is there no statute expressly authorizing the lien Broadway seeks to enforce, the Governmental Tort Claims Act, under which Green would have been able to establish her claim, provides that "[n]othing in this act shall be interpreted as allowing liens on public property." 51 O.S.1991

---

**1.** Broadway claimed a lien for $3,000, although Green's final medical expenses were only $1,908.

§ 159(E). This statute squarely fits this situation.

¶ 7 Broadway argues that, once State became obligated to pay Green the settlement amount, those moneys lost their character as "public property" and Broadway's lien could attach. Broadway readily admits there is no case law in any jurisdiction to support its position, but draws an analogy from *Northeast Bank of Lewiston and Auburn v. Murphy,* 512 A.2d 344 (Me.1986). We disagree with both Broadway's analysis of *Northeast Bank* and its application of it to this case.

¶ 8 In *Northeast Bank,* the Maine Supreme Court upheld a judgment for conversion in favor of a lienholder and against an insurance company that had paid settlement proceeds to its insured. Broadway argues that the court implied in dicta that settlement proceeds were not the insurance company's property once it became obligated to pay. We disagree and view the Maine court's decision as saying only that the character of the insurance company's ownership interest in the settlement proceeds was irrelevant because the insurance company nevertheless exercised that degree of dominion and control over the proceeds necessary to satisfy the "intent" element of the bank's conversion claim. *Id.* at 347. As a result, even if we viewed *Northeast Bank* as sufficiently similar to the case before us to influence our decision, it does not support Broadway's argument.

¶ 9 Broadway also asserts that Oklahoma's garnishment laws indicate that its lien should be enforceable. Oklahoma law does provide that a creditor of an individual to whom the state owes money may garnish that money much as if the state was a private entity, although the creditor must follow special procedures. *See* 12 O.S.1991 §§ 1192–1193. We are not, however, persuaded that a statute addressing certain garnishments weakens the effect of a statute (51 O.S.1991 § 159(E)) specifically prohibiting liens arising out of the state's tort liability. *See Carter v. City of Okla. City,* 1993 OK 134, ¶ 11, 862 P.2d 77, 80 (explaining that a statute which specifically addresses the question at hand will control over a general statute).

¶ 10 Moreover, it is not clear that the garnishment statute would even apply in a situation like this. Oklahoma law prohibits a garnishment judgment against a public officer when the money is "in his hands as a public officer, and for which he is accountable to the defendant merely as such officer." *See* 12 O.S.1991 § 1186. Despite Broadway's assertion that "such proscription is inapplicable to the facts of *this* case," we believe that such a proscription might very well apply to the facts of this case. *See generally Barber v. Special Indem. Fund,* 1994 OK CIV APP 55, 875 P.2d 449.

## CONCLUSION

¶ 11 Liens on public property are prohibited under Oklahoma law. Broadway has not persuaded the court that the funds paid to Green by State ever lost their character as public property while in State's possession. Therefore, Broadway's lien was not enforceable, and the trial court's dismissal of Broadway's action to enforce the lien was proper.

¶ 12 AFFIRMED.

¶ 13 REIF, V.C.J., and GOODMAN, P.J., concur.