NEESE v. THE FARMER'S INSURANCE CO.

1. **Evidence**: STATUTES OF ANOTHER STATE. Courts will not take judicial notice of the statutes of another State, but unless they are shown in evidence will presume them to be the same as those of this State.

2. ——: INSURANCE: PROOF OF LOSS. The proof of loss furnished to an insurance company by a policy holder, in compliance with the terms of his policy, is not competent evidence to establish the loss in an action to recover on the policy.

3. ——: ——: INSTRUCTIONS. Rulings on evidence and instructions considered.

*Appeal from Hamilton District Court.*

WEDNESDAY, APRIL 6.

ACTION upon a policy of insurance. There was a verdict and judgment for plaintiff; defendant appeals. The facts of the case are stated in the opinion.

*Chase & Covil,* for appellant.

*Miracle & Kamrar,* for appellee.

BECK, J.—I. The plaintiff was permitted to read to the jury the depositions of plaintiff and his wife, giving material testimony in his behalf. The deposition was taken in Nebraska, before a notary public and his official seal did not disclose his name. Objection to the deposition, on the grounds that the seal of the notary did not show the name of the officer, was made by motion to suppress, and at the trial the objection was renewed. It is not shown that the seal of the notary is sufficient under the law of Nebraska. We will not take judicial notice of the statutes of Nebraska, and, in the absence of proof, will presume them to be the same as our own. Our statute requires the seal of the notary to show the name of the officer. The attestation of the notary was, therefore, insufficient. *Stephens*

*1. EVIDENCE: statutes of another state.*

*v. Williams*, 46 Iowa, 540. The depositions ought to have been excluded.

II. The policy sued on requires that the assured should, in case of loss, submit proofs thereof to the insurance com-

2. ——: insur-ance : proof of loss. pany. Such proofs were made, which, at the trial, the court against defendant's objection permitted to be read in evidence to the jury. This was error. The proofs provided for by the policy are not intended to be used in evidence in an action to establish the facts connected with the loss; they are *ex parte*, and are intended to inform the underwriter of the facts of loss and particulars thereof.

*Commonwealth Ins. Co. v. Sennett et al.*, 41 Pa. St., 161; *Howard v. Fire Ins. Co.*, 4 Denio, 502.

III. The defense pleaded to the action is that the dwelling-house insured had no chimney, the stove-pipe passing

3. ——: ——: instructions. through the floor and roof. This fact was shown by the application and the assured undertook therein to build a chimney within seven months, which was not done. Plaintiff, in his reply to defendant's answer, alleges that the agreement to build the chimney was inserted in the application without his knowledge or consent, and that the application was prepared by defendant's agent and the contract in regard to the chimney was not read to plaintiff; that he was able to read but imperfectly, and relied on the agent to read correctly the contents of the instrument. The defendant introduced a witness who was present when plaintiff signed the application, and proposed to prove by him that during the negotiations between the plaintiff and the agent, just prior to the signing of the application, the agent read to the plaintiff from the book of instructions furnished by defendant to the agent, in reference to insurance upon houses without chimneys, and was asked to state all the conversation upon the subject. The evidence was rejected upon plaintiff's objection, on the ground that the witness could not testify as to the contents of the book. This evidence ought to have been admitted. The

contents of the book it was not proposed in this way to bring before the jury. The facts proposed to be proved were that the book was read, and the conversation upon the subject between the plaintiff and agent. The evidence was competent and material. It would have tended to support defendant's witnesses who testified that the agreement in regard to the chimney was well understood by plaintiff.

IV. One or more instructions given by the court to the jury suggested the thought that, if the agreement in regard to the chimney was written in the application after plaintiff signed it, he was not bound thereby. Of course the rule of law announced is correct, but the instruction should not have been given, for the reason that there was no evidence tending to show that any thing was written in the application after it was signed. The instruction was misleading and prejudicial to defendant.

We discover no other errors in the ruling of the District Court; for those we have specified, the judgment must be

REVERSED.