## HI-POWER GASOLINE CO. v. LOCKWOOD.

No. 16716—Opinion Filed July 20, 1926.

1. **Parties—Defect of Parties Plaintiff— Waiver by Failure to Urge in Pleading.**

Where the question of a defect of parties plaintiff is not raised by demurrer or answer it is waived.

2. **Appeal and Error—Questions of Fact— Law Action Tried to Court.**

Where, in a law action, there is competent evidence reasonably tending to sustain the finding of the trial court, and there was no error of law occurring at the trial, the judgment will be affirmed.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by F. F. Lockwood against Hi-Power Gasoline Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Ramsey, de Meules, Rosser & Martin, for plaintiff in error.

West, Gibson, Sherman, Davidson & Hull, for defendant in error.

Opinion by RAY, C. In May, 1921, Lockwood and Miles, a copartnership, doing business under the firm name and style of the Oklahoma Petroleum Products Company, contracted to sell to the California By-Products Company 50 cars of gasoline of certain specifications. To fulfill this contract Lockwood and Miles in turn purchased from the Akin Gasoline Company a like amount of gasoline of like specifications. Thereafter all correspondence with reference to the shipments to the California By-Products Company was with the Mystic Gasoline Company which appears to have been in all respects the same as the California By-Products Company. The California By-Products Company, or the Mystic Company, in turn sold the gasoline to the Shell Company of California. The Mystic Company paid to Lockwood and Miles the purchase price claimed except $7,921.99.

This suit was commenced by Lockwood against Hi-Power Gasoline Company to recover the balance of $7,921.99 alleged to be due from the California By-Products

Company, or the Mystic Company. Lockwood, in his petition, alleged that the partnership of Lockwood and Miles had been dissolved, and that he, Lockwood, was the owner of all accounts due the partnership, including the account sued on; that the California By-Products Company had transferred all its business, assets, and liabilities to the Mystic Gasoline Company, a trust estate, and that the Mystic Gasoline Company was succeeded by the defendant, Hi-Power Gasoline Company, which assumed and agreed to pay all bills, accounts, and obligations of the Mystic Company, including the account sued on. The defendant, Hi-Power Gasoline Company, answered by general denial, and further alleged that the plaintiff was indebted to the Akin Gasoline Company in the sum of $6,124.13, balance due on the account above referred to, and that such account had been assigned by the Akin Gasoline Company to the defendant, Hi-Power Gasoline Company, and that amount was pleaded as a set-off.

The case was tried to the court and judgment was entered in favor of the plaintiff, Lockwood, against the defendant, Hi-Power Gasoline Company, in the sum of $2,792.76, being the amount sued for less the set-off pleaded by defendant. From that judgment the defendant, Hi-Power Gasoline Company, has appealed, and in its brief presents its several assignments of error under three general propositions.

(1) Lockwood cannot recover in this action because there is an absolute failure of proof that he is the owner of the account sued upon. He cannot recover in his own name and in his own right upon an account due to the partnership.

(2) There was no competent evidence that the Hi-Power Gasoline Company was liable to Lockwood for the balance due by the California By-Products Company.

(3) Assuming, without admitting, that the Hi-Power Gasoline Company was liable to Lockwood for the balance due for the sale of the gasoline, the judgment was excessive.

1. The defendant waived the question of defect of parties plaintiff by not raising the question by demurrer or answer, as required by statute. One of the grounds of demurrer provided by section 268, C. S. 1921, is that there is defect of parties plaintiff or defendant. Section 270 provides:

"When the defects do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action."

In the case of Harrah State Bank v. School Dist. No. 70, Oklahoma County, 47 Okla. 593, 149 Pac. 1190, after citing the above sections of the statute, it was held that a defect of parties must be taken advantage of by demurrer or answer, and when objection is not made at the trial in the manner required by statute the same is waived. Furthermore, the evidence shows that the defendant, prior to the commencement of this action, paid to Paul F. Miles, former member of the partnership of Lockwood and Miles, all the interest claimed by him in the account sued on. For that reason it cannot be said that he was a party in interest.

2. The evidence shows that after the contract of sale by the partnership to the California By-Products Company, all correspondence relating to the transaction was had with the Mystic Gasoline Company. The Mystic Gasoline Company sold the gasoline to the Shell Company of California. The Shell Company paid the Mystic Gasoline Company the full amount of the contract price less "outages" and "off specifications," and the Mystic Company paid to Lockwood and Miles the amount collected from the Shell Company. The Mystic Company also transmitted to Lockwood and Miles the statement of "outages" and "off specifications." That statement was transmitted by Lockwood and Miles to the Akin Company. The evidence further shows that the Hi-Power Gasoline Company succeeded to the management of the Mystic Gasoline Company. The officers of the two companies were the same and the management the same. There was no change in the office force. The Hi-Power Gasoline Company carried on its letterheads, "Successors to Mystic Gasoline Company of Breckinridge, Texas." The Hi-Power Gasoline Company, by letter to plaintiff, Lockwood, of date of February 22, 1923, acknowledged its indebtedness to the plaintiff for the amount due from the Mystic Gasoline Company to Lockwood and Miles, less $1,751.57, paid to Miles as the amount due him. Thereafter there were communications between plaintiff, Lockwood, and the secretary of the Hi-Power Gasoline Company, with reference to the transaction, and no claim was made that that company was not liable for the amount due from the Mystic Gasoline Company. While there was no direct evidence to show that the Hi-Power Gasoline Com-

pany took over the Mystic Gasoline Company and its assets with an agreement to pay its debts, we think this evidence reasonably tended to sustain the finding of the trial court, necessarily included in the general finding, that the Mystic Gasoline Company was successor to the California By-Products Company, and the Hi-Power Gasoline Company was successor to the Mystic Gasoline Company and obligated to the payment of this particular indebtedness.

3. The claim that the judgment is excessive, as we understand it, is based upon the contention that there was no sufficient competent evidence to prove the "outages" and "off specifications" for which deductions were made by the Shell Company. No witness testified as to the "outages," or that the gasoline was off specifications. The only testimony upon that point was that of the plaintiff, who testified that he received from the Mystic Company an itemized statement of "outages" and "off specifications" purporting to have been made by the Shell Company, and which statement was forwarded to the Akin Company, which still retained it. The itemized statement, upon which deductions were made, was transmitted by the Mystic Company to Lockwood and Miles July 8, 1921. The defendant, Hi-Power Company, successors to the Mystic Company, by letter dated February 22, 1923, acknowledged its liability to plaintiff for the amount claimed less the amount paid to Miles, former member of the partnership of Lockwood and Miles. Claim for deduction for "outages" and "off specifications" having been made by the Shell Company and allowed by the Mystic Company in their settlement, and the same claim having been made by the Mystic Company upon Lockwood and Miles, and by them allowed, it would seem that further proof of "outages" and "off specifications," as between the parties, would be unnecessary.

Under the finding of the trial court, which is sustained by the evidence as above pointed out, the Hi-Power Gasoline Company stands in the shoes of the By-Products Company and the Mystic Company, and has therefore received the full benefit of the deductions from the plaintiff.

While there is no evidence that the Akin Company credited Lockwood and Miles with the amount of deductions, it is made to appear by the evidence that the itemized statement of "outages" and "off specifications" was transmitted to the Akin Company more than two years before the defendant acquired the Akin claim by assignment, and it is

not made to appear that the Akin Company ever questioned the claim for deductions.

We think this evidence sufficient to sustain the findings of the trial court. The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 765 § 679; 20 R. C. L. p. 712, et seq.; 3 R. C. L. Supp. p. 1100. (2) 4 C. J. p. 879 § 2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.