## BURNS et al. v. HARDER et al.

No. 18190. Opinion Filed Jan. 10, 1928.

(Syllabus.)

**1. Appeal and Error—Review—Sufficiency of Evidence in Equity Case.**

In an equitable action, the findings and

judgment of the trial court should be sustained unless it appears that same are clearly against the weight of the evidence.

**2. Appeal and Error—Waiver of Error by Failure to Object—Defect or Misjoinder of Parties—Time and Mode of Objection.**

A party desiring to take advantage of a defect of or misjoinder of parties plaintiff or defendant must promptly interpose an objection in the manner provided by law, and, failing to do so, he will not be permitted to speculate upon a favorable decision and when afterwards he is disappointed by an adverse decision, be allowed to raise such question, either in a motion for a new trial or in the appellate court.

**3. Quieting Title—Judgment for Owners of Oil and Gas Lease Sustained.**

Record examined; held, amply sufficient to support findings and judgment in favor of plaintiffs and against defendants and each of them.

Error from District Court, Grant County; Charles Swindall, Judge.

Action by R. G. Harder and others against George A. Burns and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Holland, Rutledge & Lashly and Drennan & Drennan, for plaintiffs in error.

Bellatti & Brown and John S. Burger, for defendants in error.

HUNT, J. This action was instituted in the district court of Grant county by defendants in error, as plaintiffs, against plaintiffs in error, as defendants, to quiet title of plaintiffs in and to an oil and gas lease covering certain lands in Grant county. From a judgment in favor of plaintiffs, defendants prosecute this appeal. The parties will be referred to here as they appeared in the court below.

Plaintiffs alleged in their petition filed in the trial court that they are the owners of the complete and entire legal and equitable title in fee simple to the oil and gas mining leasehold estate in, to, upon and covering the southeast quarter (¼) of section twenty-three (23) in township twenty-seven (27) north, range three (3) west of the Indian Meridian, Grant county, Okla., pursuant to, under, and by virtue of an oil and gas mining lease in writing from Joseph A. Flood and Nelly Flood, his wife, and Edw. L. Kittredge to George Beasley, and dated January 14, 1926, and recorded January 15, 1926, in Book 34 of the Miscellaneous Records of said Grant county, Oklahoma, at page 343.

It is further alleged, by virtue of certain assignments, copies of which were attached to the petition of plaintiffs, that the entire ownership of said oil and gas mining lease was vested in plaintiffs Harder, Clark, and Brown; that they are in possession of same and engaged in drilling a well for oil and gas thereon, and at the time this suit was filed had drilled said well to a depth of about 665 feet.

It is further alleged that the defendants Burns, Dell, and MacGregor claim some interest in said leasehold estate adverse to plaintiffs under certain instruments caused to be placed of record in Grant county by the defendant Burns, and that the defendants Lake Erie Trust Company, a corporation, and Wm. H. Smith each claimed some interest or right in and to said leasehold estate adverse to plaintiffs, the exact nature of which was unknown to plaintiffs, and that all of said claims were junior and inferior to plaintiffs' title to said leasehold estate and without right as against plaintiffs, and therefore constituted a cloud upon plaintiffs' title which they were entitled to have removed.

For answer to the petition of plaintiffs, an unverified general denial was filed by all the defendants, and upon the issues thus joined trial was had to the court without a jury, and judgment was rendered for plaintiffs in accordance with the prayer of their petition.

For reversal of this judgment, five assignments of error are set out by defendants in their petition in error, but the only assignment argued in the brief is as to the sufficiency of the evidence to support the judgment of the trial court, same being presented under propositions 1, 2, and 5 of defendants' brief. The record discloses that plaintiffs offered certain instruments in evidence beginning with the patent from the U. S. government to Joseph Flood, the fee-owner of the land in question, together with certain oil and gas leases and assignments thereof showing a complete record title to said oil and gas leasehold estate in plaintiffs.

No witnesses were placed on the stand by defendants and no evidence offered by defendants except in the cross-examination of plaintiffs' witnesses, and also when objection was made to certain questions asked plaintiffs' witnesses Beasley and Harder, on the ground that same were not proper cross-examination, defendants' counsel then made each of these witnesses his own witness. The rule is well settled in this jurisdiction that

the findings of the trial court are and should be strongly persuasive and will not be set aside unless this court can say that the judgment rendered by the trial court is clearly against the weight of the evidence. This rule has been so often announced we deem it unnecessary to cite authorities in support of same. Voris v. Robbins, 52 Okla. 671, 153 Pac. 120. A thorough examination of this record discloses there is ample evidence to support the judgment of the trial court.

Defendants urge in their brief that there is no evidence introduced and no proof whatever that the defendant William Smith holds a prejudicial right or claim against the plaintiffs or that he ever held any such right or claim, and argue that the judgment of the trial court should at least be reversed as to him. It is true that the name of the defendant Smith does not appear in any of the instruments offered in evidence. However, Smith, together with the other defendants, appeared by his attorney and offered testimony, the apparent purpose of same being to show a one-eighth interest in said leasehold estate in one Smith. We are of the opinion that the appearance of the defendant Smith along with the other defendants, by their attorney, together with the fact that all of said defendants, including Smith, filed an unverified general denial and throughout the trial not only contested the claim of plaintiffs but sought through plaintiffs' witnesses to establish an interest in said leasehold estate in said defendants, was sufficient to support the allegations in plaintiffs' petition that the defendant Smith as well as the other defendants was claiming some interest in said leasehold estate adverse to plaintiffs, and that plaintiffs' testimony clearly shows that their title to said leasehold was superior to that claimed by the defendant Smith and the other defendants, and that the plaintiffs, therefore, recovered judgment in the trial court on the strength of their own title and not upon the weakness of defendants' claims. We agree with the authorities cited by defendants to the effects that when plaintiffs' action is brought for the purpose of canceling instruments and quieting title, the burden of making out a case justifying the relief prayed for is upon the plaintiff. In our judgment the record herein clearly discloses that the plaintiffs have met and sustained this burden in the instant action.

Defendants further contend in their brief, though same is not assigned as error in the petition in error, nor was the question raised in the trial court, that certain other parties were necessary parties to this suit in order to fully determine all the rights of the parties hereto. It is well settled that the question of defect of parties plaintiff or defendant cannot be raised for the first time in this court. Choctaw, O. & G. R. Co. v. Burgess, 21 Okla. 653, 97 Pac. 27. No question having been raised in the trial court either by motion, demurrer, or answer or otherwise as to defect of the parties plaintiff or defendant, same cannot be raised in this court on appeal, and this question will therefore not be considered. Culbertson v. Mann, 30 Okla. 249, 120 Pac. 918.

We are therefore clearly of the opinion that under no theory advanced by defendants would we be justified in disturbing the judgment of the trial court in any respect as to any of the defendants, and same is therefore in all things affirmed.

We note the motion contained in brief of defendants in error for judgment on supersedeas bond to be rendered in this court under rule 11. The record herein, however, fails to show that any money judgment was rendered in this action in the trial court, and the motion for this court to render judgment on the supersedeas bond must therefore be denied, and it is so ordered.

*All the Justices concur.*

Note.—See under (1) 4 C. J. p. 900, §2869; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73. (2) 3 C. J. p. 765, §679; p. 767, §682; 29 Cyc. p. 875; 2 R. C. L. p. 85; 1 R. C. L. Supp. p. 388; 4 R. C. L. Supp. p. 79; 5 R. C. L. Supp. p. 68. (3) 4 C. J. p. 1129, §3122.