## WICKHAM v. CHASTAIN et al.

No. 18163. Opinion Filed June 12, 1928.

(Syllabus.)

Prohibition—Validity of Judgment of Justice Court on Findings Made by Outsider Pursuant to Agreement of Parties—Execution not Restrained by Writ of Prohibition.

Where all parties agree that a cause pending before a justice of the peace may be submitted to H., who is not an official, and that H. shall hear the cause and submit his findings to the justice of the peace, who shall enter judgment thereon, a judgment, regular on its face, by said justice, pursuant to said agreement, is not void, and a writ of prohibition to restrain an execution issued to enforce said judgment will not lie.

Commissioners' Opinion, Division No. 1.

Error from District Court, Seminole County; George C. Crump, Judge.

Action by Frank Wickham against J. B. Chastain et al., for writ of prohibition. Writ denied by district court, and plaintiff appeals. Affirmed.

W. A. Bishop and Robert Burns, for plaintiff in error.

S. A. Wilkinson and W. A. McDaniel, for defendants in error.

FOSTER, C. This is an action commenced in the district court of Seminole county by Frank Wickham for a writ of prohibition against the defendants J. D. Chastain, justice of the peace, and Bob Duncan, deputy sheriff, in Seminole county. The parties appear here as they appeared in the court below, and will be so referred to.

The action seeks to prohibit the defendants from levying an execution upon the property of the plaintiff pursuant to a judgment in favor of A. J. Hill against said plaintiff, granted by the said justice of the peace in the sum of $175.

The judgment was recovered for alleged damages resulting from an injury to the said A. J. Hill while employed in a wholesale and retail meat market owned by plaintiff. Hill was employed as a carpenter. Plaintiff has some ten or twelve men in his employ at the meat market in which Hill was injured, and in a packing house owned by plaintiff near Bristow, but just how many in each place is not shown.

In the trial before the justice of the peace, the plaintiff contended that the injury to Hill, if any, was governed by the Workmen's Compensation Law, and he introduced in evidence an insurance policy which he testified covered Hill's employment, but the justice of the peace found from the policy and other evidence that Hill's employment did not come under the Workmen's Compensation Law.

In the trial of this case in district court, plaintiff testified that he carried insurance, but did not introduce the policy, and admitted that a rider had been placed thereon since the trial in justice court.

It also appears from the record that, in

the case before the justice of the peace, there was an agreement between the parties that the dispute should be submitted to a man by the name of Heath, and that he should determine the issues in the case and submit his findings to the justice of the peace, who should enter judgment in accordance therewith. This was agreed to by the justice of the peace as well as the attorneys for both the plaintiff and defendants.

There appears to be a dispute as to whether or not the attorneys for the plaintiff in this case, who were the defendants in the case before the justice of the peace, agreed that Heath should decide the merits of the case, it being their contention that Heath was to decide the proposition of whether or not the action brought by Hill against this plaintiff should have been brought before the Industrial Commission under the Compensation Law. However, there was ample evidence to show that the parties agreed that Heath should hear the case and submit his finding to the justice of the peace, and that the justice of the peace should enter judgment thereon. On the face of the record, the judgment appears to be entered by the justice of the peace and Heath's name nowhere appears in the record before said justice.

The district court, after hearing the testimony, refused to issue a writ of prohibition, and the matter is brought here for review.

There was considerable controversy in the trial court about whether or not an appeal bond was properly filed, but the court below evidently found that no appeal bond was filed in proper time, and no appeal perfected, and there is ample evidence to support such findings.

The propositions presented in this case are as follows:

(1) That prohibition is a proper remedy for the plaintiff in a case of this kind.

(2) That the justice of the peace had no jurisdiction because the employment of Hill is within the provisions of the Workmen's Compensation Act.

(3) That the alleged judgment of J. D. Chastain is void because based upon findings of fact and conclusions of law submitted to said justice of the peace by T. M. Heath.

We will discuss the second and third propositions first. From the testimony in this case, we believe the plaintiff wholly failed to show that the employment of Hill was governed by Workmen's Compensation Act. This is a question of law for the court. Drumright Feed Co. v. Hunt 90 Okla. 277, 217 Pac. 491.

The evidence wholly fails to show that Hill was engaged in a "hazardous employment" as defined by sections 7283 and 7284, C. O. S. 1921, as amended by Session Laws of 1923, chapter 61, secs. 1 and 2. Nor is the proof sufficient to show that plaintiff carried insurance on Hill's employment.

Concerning the third proposition, it is admitted that Heath is not a justice of the peace, nor an official of any kind, but the record as above set out amply supports the finding of the lower court that an agreement was made that Heath should hear the testimony, and that his finding should be adopted by the justice of the peace, and the justice of the peace should enter judgment in accordance therewith. Although this is somewhat disputed by the plaintiff in error, the record amply supports such a finding and under these facts, we do not believe the judgment is void, and could not be reached by a writ of prohibition.

No authorities are cited by plaintiff in error to support this position. He simply argues that there is no law authorizing a justice of the peace to appoint a referee to hear and determine causes and make reports to him, and therefore a judgment based on such a finding is void. This is perhaps true, but if the parties agree to submit their issues to an outsider, with the consent of the justice of the peace, and the justice of the peace in pursuance of the findings of the outsider entered his judgment, such a judgment is not void, and cannot be reached by writ of prohibition.

The judgment not being void, the first proposition becomes immaterial. It therefore follows that the judgment of the trial court in refusing the writ of prohibition should be sustained.

The defendants in their brief ask for judgment against the sureties on the supersedeas bond, which bond is a part of the case-made. The record discloses that no money judgment was recovered in the trial of the case, the judgment appealed from being the denial of a writ of prohibition.

In the recent case of Burns v. Harder, 129 Okla. 11, 263 Pac. 111, it is said:

"The record herein, however, fails to show that any money judgment was rendered in this action in the trial court, and the motion for this court to render judgment on

the supersedeas bond must therefore be denied."

Following the above rule, the request for judgment on the supersedeas bond will be denied. However, we do not hold that the defendants are without remedy on said bond in a proper action for damages, if any, sustained.

TEEHEE, LEACH, REID, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 32 Cyc. p. 622.