### TUDOR v. AMERICAN INVESTMENT CO. OF ENID.

No. 21599.    Opinion Filed May 9, 1933.

Wilson & Wilson, for plaintiff in error.

Otjen & Carter, for defendant in error.

ANDREWS, J. The defendant in error brought an action in the district court of Garfield county against the plaintiff in error in which he prayed for a money judgment on a promissory note, the execution and delivery of which he alleged therein. After the issues were made up, and at the close of the plaintiff's evidence, the defendant demurred thereto, and the demurrer was overruled. He thereupon moved to dismiss the action, and that motion was overruled. He then rested his case. Thereupon the plaintiff moved for an instructed verdict. That motion was sustained. A verdict was returned and judgment was rendered on the verdict. The motion of the defendant for a new trial was overruled and the defendant appealed to this court.

Herein he contends:

"That the plaintiff's evidence disclosed a fatal defect of parties plaintiff, and the trial court erred in refusing to dismiss the action on motion of the defendant."

The record shows that the defendant had full knowledge of the facts in connection with his contention that one Marsh was a necessary party plaintiff. Yet he made no effort to avail himself of such a defense by demurrer, as authorized by the provisions of section 201, O. S. 1931, or by answer, as authorized by the provisions of section 203, O. S. 1931. Since the defect was not raised by demurrer or answer, it was waived. Hi-Power Gasoline Co. v. Lockwood, 119 Okla. 82, 248 P. 620; Harrah State Bank v. School Dist. No. 70, 47 Okla. 593, 149 P. 1190.

The defendant contends:

"The pleadings, testimony, and evidence disclosed that the note sued on was a part of a continuing transaction and obligation of a duration of over eight months, and the trial court erred in refusing to dismiss the action on motion of defendant, due to the failure of showing that the chose in action tax as provided by law, had been paid."

The record shows that, while the defendant objected to the introduction in evidence of the note, he refused to disclose the ground of his objection after being requested to do so by the court, as required by the provisions of section 291, O. S. 1931. The note offered in evidence showed by its face to have been executed on June 4, 1929, and to be due on July 1, 1929. It was not within the provisions of the statute in that it was not of over eight months' duration.

The defendant contends that:

"The trial court erred in refusing to allow the defendant to go to the jury on the question as to whether or not an open account item included in the note, was due and owing the corporate plaintiff, and whether or not the consideration of the note was premiums to be earned by a corporation writing insurance in Oklahoma."

The record shows that the note sued on was a renewal of a note theretofore made, and that the defendant had made a partial payment on the note renewed thereby.

In Western Silo Co. v. Pruitt, 94 Okla. 154, 221 P. 106, this court held:

"Where one gives a note in renewal of another note, with knowledge at the time of partial consideration for the original note, or false representations by the payee, he waives such defense, and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights, it becomes his duty to make such inquiry and investigation, before executing the renewal note, and if he fails to do so, he is as much bound as if he had actual knowledge. (Franklin Phos. Co. v. Int. Harvester Co. of America, 62 Fla. 185, 57 South. 206.)"

To the same effect is the holding in Bank of Union v. Hungerford, 111 Okla. 225, 239 P. 252.

We find no error in the judgment of the trial court, and it is in all things affirmed.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and BUSBY and WELCH, JJ., absent.