## PANTHER OIL & GAS CO. v. BROWN.

No. 23170. Dec. 4, 1934.

Rehearing Denied Jan. 8, 1935.

Cutlip & Cutlip, for plaintiff in error.

Reily & Reily, for defendant in error.

PER CURIAM. For convenience, the parties herein will be referred to as they appeared in the trial court.

Plaintiff, B. T. Brown, owned a tract of land 104 feet by 209 feet in the town of St. Louis in Pottawatomie county. R. B. Rippetoe and wife owned another tract 25 feet by 140 feet in the same town, separated by a street from Brown's tract.

Brown and the Rippetoes, named together as lessor, gave an oil and gas lease covering both tracts to James Brazell, trustee, as lessee, wherein lessee agreed to pay lessor one-eighth of the market price for gas produced from any oil or gas well and used off the premises. Brazell transferred the lease to defendant. Panther Oil & Gas Company, which company drilled a producing gas well on the Brown tract. This well was afterwards deepened and produced both gas and oil. No production was obtained upon the Rippetoe tract.

The defendant company drilled a producing oil well, referred to as the Bettis well, on another tract, also separated by a street from the Brown tract, and Brown claimed that the company used gas from his well for the drilling and subsequent operation of this Bettis well and refused to pay him the value of his one-eighth royalty interest in the gas so used. Brown brought this suit against the company for $2,328.86 as the value of his one-eighth royalty interest in such gas, and $135.95 interest thereon, praying judgment for $2,464.81. The Rippetoes did not appear as parties plaintiff or defendant in the suit; Brown claiming in his petition to be the owner of the entire one-eighth royalty from the Brown well, and the defendant answering by general denial, after admitting its corporate existence and its ownership of the Bettis well.

The case was tried to a jury, which found for Brown against the company for $800. Motion for new trial was filed and overruled, and the defendant company brings the case here for review.

The first proposition presented by defendant in its brief is that there was a defect of parties plaintiff and the plaintiff, Brown, was not the real party in interest. This is based upon certain admissions of the plaintiff made upon cross-examination, and upon the contention that the oil and gas lease signed by Brown and the Rippetoes together showed on its face that the Rippetoes had a common or community interest in the royalties from gas produced by the Brown well.

Was this defense available to the defendant under the pleadings at the trial; and, if so, was this question preserved in the record for consideration here?

The oil and gas lease in question, although introduced in evidence, was not copied, described or referred to in any of the pleadings in this case. The defendant did not demur to plaintiff's petition and its answer thereto did not specifically plead either defect of parties plaintiff, or that plaintiff was not the real party in interest. The defendant demurred to plaintiff's evidence, but only upon general grounds and without specifically raising these defenses insisted upon here. The defendant did not move for a directed verdict or request a single instruction, and it took no exception to any of the instructions given by the court. The trial court's attention to this question was specifically challenged for the first time in the motion for new trial.

The plaintiff testified on direct examination that he owned the entire royalty interest in the oil and gas from the Brown well, but being cross-examined, he stated that "other parties have interest in it * * * Mr. Bosher there has an interest in it," Coun-

212

sel for defendant did not pursue further so as to disclose the nature or extent of Bosher's interest. Defendant made no motion to dismiss the case because of a defect of parties plaintiff, nor did it ask leave to amend its answer to set up such a defense. By its general verdict the jury found that plaintiff owned the entire royalty interest in question.

Our Code, at sections 268 and 270, C. O. S. 1921 (sections 201, 203, O. S. 1931), provides that· the defendant may demur to plaintiff's petition when it appears therefrom that there is a defect of parties plaintiff or defendant, and when such defect does not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same. This court has many times applied these statutes and has uniformly held that where defendant wishes to rely upon such a defense, he must interpose an objection promptly and in the manner provided by law, or he will be deemed to have waived the same, and that he will not be permitted to raise such question for the first time in a motion for new trial or in the appellate court. Hi-Power Gasoline Co. v. Lockwood, 119 Okla. 82, 248 P. 620; Burns et al. v. Harder et al., 129 Okla. 11, 263 P. 111; Harrah State Bank v. School District No. 70, 47 Okla. 593, 149 P. 1190; Culbertson v. Mann, 30 Okla. 249, 120 P. 918; Choctaw, O.· & G. R. Co. v. Burgess et al., 21 Okla. 653, 97 P. 271.

Burns v. Harder, supra, was a quieting title suit, in which plaintiffs claimed to own the entire legal and equitable title and estate. Defendants answered by general denial, and on appeal, for the first time, contended that certain other persons were necessary parties to the suit in order to fully determine all property rights involved. The court refused to consider this question on appeal, holding that such a defense was not raised by defendants' answer. The second paragraph of the syllabus is as follows:

"Party desiring to take advantage of a defect of or misjoinder of parties plaintiff or defendant must promptly interpose an objection in the manner provided by law, and, failing to do so, he will not be permitted to speculate upon a favorable decision and when afterwards he is disappointed by an adverse decision, be allowed to raise such question, either in a motion for a new trial or in the appellate court."

In Harrah State Bank v. School District No. 70, supra, it is held:

"A defect of parties must be taken advan-

tage of either by demurrer or answer, and when such objection is not made at the trial in the manner required by statute, same is waived and cannot be urged for the first time in the Supreme Court."

Hi-Power Gasoline Co. v. Lockwood, supra, was an action on account brought by a former member of a partnership. Plaintiff alleged that the firm had been dissolved and he owned all of its accounts, including the account sued on. Defendant answered by general denial, and on appeal urged a defect of parties plaintiff below. This court cited our statutes above referred to and said:

"The defendant waived the question of defect of parties plaintiff by not raising the question by demurrer or answer, as required by statute."

Our statutes referred to were adopted from Kansas. The Supreme Court of that state, in Coulson v. Wing et al., 22 P. 570, decided in November, 1889 (cited with approval in Choctaw, etc., v. Burgess, supra), held that, "where a defect of parties is not apparent on the face of a petition, and is not taken advantage of by answer, it is waived." In that case plaintiff sued in ejectment, claiming the entire title. Defendant answered by general denial and at the trial was refused permission to introduce evidence showing defect of parties plaintiff. On appeal, defect of parties was urged. The court construed identical statutes and held that such a defense was not raised by general denial, saying, "There was nothing in the answer to indicate that there was a defect of parties."

The Supreme Courts of Missouri and California, states having statutes almost identical with ours, have held that a general denial does not raise the defense of a defect of parties. Johnson et al. v. United Rys. Co. et al., 247 Mo. 326, 152 S. W. 362; Pye v. Eagle Lake Lumber Co. (Cal.) 227 P. 193.

In White v. Wasson, Rec., 118 Okla. 29, 246 P. 445, this court held:

"Where the defendant seeks to join issue as to who the real party in interest may be, same must be specifically pleaded; a general denial is not sufficient."

In the opinion the court quotes with approval from the Oregon case of Overholt v. Deitz, 72 P. 695:

"There was no attempt to set up that plaintiff was not the real party in interest. Under the authorities cited, such a defense should be specially pleaded and facts stated showing who the real party may be."

Applying the principles announced in the foregoing authorities to the case at bar,

we are of the opinion and hold that the general denial in defendant's answer was insufficient to raise the defense of a defect of parties in so far as the failure to join the Rippetoes as parties plaintiff is concerned. If the defendant had desired to raise this issue as to the Rippetoes, it could easily have specifically pleaded the facts upon which it relied in support of such defense. The record shows that the lease was owned by the defendant prior to bringing the suit and at the time of trial, so the defendant was fully advised that the Rippetoes were parties to the lease, and having failed to specifically plead this defense in its answer, the defendant waived it. Having so decided this question, it is unnecessary to determine at this time whether or not the interest of the Rippetoes under the lease made them necessary parties plaintiff.

Defendant also contended that Mr. Bosher, referred to in plaintiff's testimony, was a necessary party plaintiff. However, the defendant failed to develop the facts respecting the nature or extent of Bosher's interest, and we are unable to say from the record that his interest in the lease was such as to make him a necessary party. But, even if it had been so shown, the condition of the record is such that it would have availed the defendant nothing. The defendant failed to take the steps required by the decisions of this court to preserve the question for consideration here.

The case of Prairie Oil & Gas Co. v. Kinney, 79 Okla. 206, 192 P. 586, was a suit brought by a husband for destruction of property. On cross-examination of the plaintiff, it appeared that the property belonged to husband and wife. The plaintiff prevailed below. On appeal, defendant urged a defect of parties plaintiff, the wife not being joined. In the opinion this court said:

"In the instant case, when it was brought out on cross-examination that the property involved in the suit was the property of the plaintiff himself and his wife, defendant did not then ask leave to amend his answer by setting up the alleged defect of parties, nor object on this ground to the case proceeding to judgment. The demurrer filed by it to the evidence did not specify a defect of parties, nor was the question raised in the motion for new trial, and we are of the opinion that it cannot be raised for the first time on appeal. We do not think it was raised by the demurrer to the evidence on the ground that the evidence did not prove a cause of action in favor of the plaintiff and against the defendant, nor by the motion for an instructed verdict. It is our opinion that the rule in this jurisdiction should be that where the defect of parties does not appear on the face of the petition and is not known to the defendant at the time the pleadings are made up, but is first discovered at the trial, upon discovery of such defect the matter should then be called to the attention of the trial court by proper objection, and if the trial court's attention is not specifically called to the defect, that the same will be considered waived."

The record in that case was identical with the record here, except that here there was no motion for an instructed verdict and here the defendant attempted to raise the question for the first time in the motion for a new trial, which, as we have seen, cannot be done. Harder et al. v. Burns et al., supra. Defendant's first contention must therefore be overruled.

The second proposition presented in defendant's brief is that the verdict of the jury is not sustained by sufficient evidence and is contrary thereto.

The record shows that after plaintiff introduced his evidence in chief, defendant demurred thereto, the demurrer was overruled and defendant excepted. The defendant did not stand upon its demurrer, but introduced its evidence and rested. Then the plaintiff introduced rebuttal evidence. The defendant did not renew its demurrer or move for a directed verdict or request any instruction of the court. Plaintiff contends that defendant cannot now urge the insufficiency of the evidence, and we must so hold under the many previous decisions of this court. Thus, in Seidenbach's Inc. v. Muddiman, 155 Okla. 61, 7 P. (2d) 471, it is held:

"'If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff'. Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156."

See, also, Henderson et al. v. Trammell Oil Co., 159 Okla. 250, 15 P. (2d) 44; Waggoner v. Reed, 153 Okla. 95, 4 P. (2d) 1047; Watson v. Doss, 151 Okla. 132, 3 P. (2d) 159; Abraham v. Gelwick, 123 Okla. 248, 253 P. 84; Hinshaw et al. v. Brannon, 163 Okla. 225, 22 P. (2d) 74. We are therefore precluded from considering the sufficiency of the evidence to establish plaintiff's cause of action. We have, however, examined the evidence, and, while it is conflicting, we are unable to say that there was no competent

evidence reasonably tending to support the verdict of the jury, and, under the familiar rule consistently adhered to by this court, the verdict will not be disturbed upon appeal.

The third and final proposition contended for in defendant's brief is that the court erred in rejecting certain evidence offered by the defendant.

"Error must affirmatively appear to have been committed in the exclusion of evidence in the trial court before a reversal on such ground may be had in this court." National etc., Co. v. Davis, 29 Okla. 625, 120 P. 976.

And the defendant has the burden of pointing out and showing the prejudicial effect of excluding such evidence where such prejudice is not apparent on the face of the record. Render et al. v. Richardson, 168 Okla. 122, 31 P. (2d) 923. We have carefully considered the evidence referred to in this assignment, and are of the opinion, after reading the entire record, that no prejudicial error affirmatively appears to have been committed in its exclusion. A portion of the evidence was irrelevant to the issues; moreover, matters which defendant sought to prove by it were testified to without objection by defendant's witnesses and were not disputed by plaintiff. Therefore, this line of evidence was before the jury. The rest of the evidence offered was incompetent and not binding on the plaintiff.

We find no prejudicial error in the record, and the judgment of the lower court is therefore affirmed.

Plaintiff in his brief has moved this court for judgment upon the supersedeas bond given by defendant and its surety. The bond appears in the case-made, is signed by the defendant, Panther Oil & Gas Company, as principal, and United States Fidelity & Guaranty Company of Baltimore, Md., as surety, for $875, and contains the usual conditions to pay the condemnation money and costs in case the lower court's judgment is affirmed. Under section 797, C. O. S. 1921 (section 546, O. S. 1931), and Rule 11 of this court, the plaintiff is entitled to the judgment asked. Niagara Fire Ins. Co. v. Waters, 130 Okla. 128, 265 P. 759; United, etc., Co. v. Carroll, Brough et al., 116 Okla. 82, 243 P. 211. The amount of the judgment including interest accruing since its rendition now exceeds $875, the amount of the supersedeas bond.

"It is therefore oredred, adjudged and decreed by this court that the plaintiff, B. T. Brown, do have and recover from the defendant, Panther Oil & Gas Company, principal, and the United States Fidelity & Guaranty Company, surety, on said supersedeas bond, the sum of $875, for which let execution issue.

The Supreme Court acknowledges the aid of Attorneys Peyton Brown, L. A. Maris, and P. W. Cress in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Peyton Brown, and approved by Mr. Maris and Mr. Cress, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion, as modified, was adopted.