## CONNECTICUT FIRE INS. CO. OF HARTFORD, CONN., v. FARMERS UNION CO-OPERATIVE GIN OF LADESSA, OKLA., et al.

No. 25153.    Sept. 8, 1936.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

H. M. Thacker, for defendants in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. The plaintiffs alleged in their amended petition that the defendant issued a fire insurance policy covering certain property belonging to the plaintiff gin company, and that the property covered by the policy was destroyed by fire while the policy was in force.

After a general demurrer had been overruled, the defendant filed an answer consisting of a general denial, an allegation that the policy had been canceled, and an allegation that the premium on the policy had never been paid. The case was tried before a jury. At the close of the evidence the court directed a verdict for the plaintiffs for the full amount of the policy, $2,500.

The plaintiff gin company was the insured named in the policy; the plaintiff Wm. Cameron & Company claimed an interest in the proceeds of the policy under a loss payable clause in which it was named "as fourth mortgagee." The policy contained another loss payable clause, in the same form, which was as follows:

"Loss, if any, to be adjusted only with the insured named herein and payable to the insured and Chickasha Cotton Oil Co., Biggs & Co., Wichita Falls, Texas, and Elk City Cotton Oil Company, as their respective interests may appear, subject, nevertheless, to all the terms and conditions of the policy."

The defendant contends that the case must be reversed because the persons named in the above-quoted loss payable clause were not parties to the action. The defendant did not raise this question in its demurrer, nor was it raised in the answer. The defendant contends that these persons were indispensable parties to the action, and that hence the action was not prosecuted by the real parties in interest. While the persons named in the loss payable clause would have been proper parties, and while they should have been brought in upon proper motion, we do not believe that they were indispensable parties under our holding in Liverpool & London & Globe Ins. Co. v. Cargill, 44 Okla. 735, 145 P. 1134.

The defendant waived the defect of parties by failing to raise the question either by demurrer or answer, it appearing that the absent parties were not indispensable parties to the action. Choctaw, O. & G. R. Co. v. Burgess, 21 Okla. 653, 97 P. 271; Hi-Power Gasoline Co. v. Lockwood, 119 Okla. 82, 248 P. 620; Tudor v. American Inv. Co. of Enid, 163 Okla. 274, 21 P. (2d) 1056.

The policy in question provided:

"This policy being for $2,500, covers its proportion of and on the following amounts and items."

Here follow seven separate items of property, each separately described and separately valued from $200 to $10,000. The policy also provided in the clause of the conditions usually referred to as the "three-fourths value clause":

"It is a part of the condition of this policy and the basis upon which the rate of premium is fixed, that in the event of loss, the company shall not be liable for an amount greater than three-fourths of the actual cash value of the property covered by this policy at the time of such loss, and in case of other insurance, whether policies are concurrent or not, then for only its pro rata proportion of such three-fourths value.

"Total insurance permitted is hereby limited to three-fourths of the cash value of the property hereby covered and to be concurrent herewith.

"If this policy be divided into two or more items, the foregoing conditions shall apply to each item separately."

The policy also provided:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality;"

At the close of the evidence the court directed a verdict for the plaintiffs for the full amount sued for. This, we believe, was error. After judgment had been entered the plaintiffs filed two separate remittiturs, the first in the sum of $346.88, the second in the sum of $700.94. In directing the verdict and in fixing the amounts of the remittiturs, the trial court considered the proofs of loss as substantive evidence of the value of the property alleged to have been destroyed, the amount of other insurance in force on the property, and the apportionment of the loss. The proofs of loss were received in evidence over the objection of the defendant. Aside from the proofs of loss there was no evidence from which these matters might have been determined. Under circumstances such as these, proofs of loss furnished by an insured to an insurer and offered in evidence by the insured, are not substantive evidence of the facts therein stated. In 26 C. J. 537, the rule is stated as follows:

"Unless there is a statutory provision to the contrary, proofs of loss furnished by insured in compliance with the terms of the policy are not competent independent evidence as to the amount of the loss or the value of the property."

Statements of fact contained in proofs of loss are ex parte and self-serving when offered in evidence by the insured. Bobereski v. Insurance Co. of Pa. (Pa.) 161 Atl. 412; Tiller v. Farmers Mutual Fire Ins. Co., 220 Mo. App. 1337, 296 S. W. 464; Neese v. Farmers Ins. Co., 55 Iowa, 604, 8 N. W. 450; Modern Woodmen of America v. Gerdom, 72 Kan. 391, 82 P. 1100; Foster v. Fidelity & Casualty Co., 99 Wis. 447, 75 N. W. 69, 40 L. R. A. 833; Abendroth v. Fidelity & Deposit Co., 73 Ind. App. 50, 124 N. E. 714. This rule is recognized by all of the modern authorities, and is, we believe, without exception. The only case we have been able to find in any way opposed to the rule is Moore v. Protection Ins. Co., 29 Me. 97, 48 Am. Dec. 514. That case was decided in 1848, and holds that where proofs of loss are received in evidence without objection, their contents may be considered as substantive evidence. The fact that the proofs were received without objections in that case serves to distinguish it from the case at bar; however, the holding in that case has, so far as we have been able to find, never been followed and has frequently been repudiated. In Hiles v. Hanover Fire Ins. Co., 65 Wis. 585, 27 N. W. 348, the court expressly refused to follow Moore v. Protection Fire Ins. Co., supra, and quoted with approval the following language pertaining to proofs of loss from Newmark v. Insurance Co., 30 Mo. 160:

"The affidavit required to be appended to every petition might as well be regarded as proof of the truth of its allegations. The contrary decisions of Moore v. Protective Insurance Co., 29 Me. 97, seems to have no support in principle or upon authority."

The other errors assigned by the defendant, which it contends should require a reversal of the case with directions to enter judgment in its favor, should not be considered at this time. As we have heretofore pointed out, some of the persons named in the loss payable clause are not before the court; this defect of parties was waived by the defendant, but, nevertheless, it attempted to raise the question in this court. Upon a retrial of the case such parties will undoubtedly be brought in, and in view of the fact that they are not now before the court, we do not believe that we should consider any question which might preclude them from being heard at a retrial. McDona'd .v. Bennett, 108 W. Va. 665, 152 S. E. 533.

The judgment is reversed, with directions to grant a new trial.

The Supreme Court acknowledges the aid of Attorneys H. S. French, Garland Keeling, and Chas. Skalnik in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. French and approved by Mr. Keeling and Mr. Skalnik, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.