## CHEROKEE PUBLIC SERVICE CO. et al. v. ORR.

### No. 24189.   Nov. 4, 1936.

Jno. W. Porter and Kelly Brown, for plaintiffs in error.

Malcolm E. Rosser and E. L. Kirby, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appeared in the trial court.

On the 18th day of July, 1929, H. H. Orr filed his petition against Cherokee Public Service Company, a corporation, alleging that on the 5th day of December, 1928, defendant entered into a contract of purchase of all the merchantable gas produced from the wells of plaintiff located on the north 15.53 acres of lot 4 in section 2 and lots 1 and 2 in section 3, all in township 16 north, range 18 east, and also the south half of the southwest quarter, and the west half of the northwest quarter of the southwest quarter and the west half of the east half of the northwest quarter of the southwest quarter, and the southeast quarter, all in section 34, township 17 north, range 18 east. That defendant agreed to pay therefor eight cents per 1,000 cubic feet: that said contract was in writing and same was attached to the petition; that defendant failed and refused and now fails and refuses to purchase said gas; that there were four wells on said premises and that by the failure of the defendant the plaintiff has lost the sale of said gas ever since said contract was entered into, and that the total amount he would have received had the defendant complied with its contract is $16,800, for which he prays judgment.

For a second cause of action plaintiff alleges that on the 4th day of January, 1929, plaintiff executed a mortgage to the defendant on one certain oil and gas lease executed June 7, 1923, by E. J. Jamison to H. H. Orr covering property in section 33, township 17 north, range 18 east, together with other described property in Wagoner county; on a second lease executed March 6, 1928, by the State Life Ins. Co. to H. H. Orr; a third lease executed January 22, 1923, by E. J. Jamison to H. H. Orr and certain personal property. This mortgage was executed to secure the payment of $1,000; that the plaintiff obtained $500 from the defendant, but although requested frequently by the plaintiff, defendant has refused to lend plaintiff the balance of the $1,000, but prays judgment canceling said mortgage and that defendant be enjoined from selling the mortgage note.

The third cause of action alleges damages to Hahn No. 1 well by reason of the failure to deliver the money, and prays for $5,000 in that cause of action.

For a fourth cause of action he seeks to recover $30 for a baler.

For a fifth cause of action he seeks to recover $45 for a Horn socket.

An attachment affidavit alleging nonresidence of defendant and an indebtedness of $21,875 was filed. On July 25, 1929, a motion to dissolve the attachment was filed.

On the 3rd day of May, 1930, the defendant filed answer and cross-petition alleging that the contract was entered into with the verbal understanding that there were four commercial wells with a total production of 4,000,000 cubic feet plus of gas per day with 75 pounds rock pressure, and defendant, relying thereon, entered into said gas purchase contract, but afterwards learned that such representations were false and known to the plaintiff to be false at the time of the making thereof; that there were only three wells, which made a total of 1,000,000 cubic feet, and that the rock pressure was only 42 pounds.

Defendant counterclaimed as to the first cause of action that plaintiff represented to

the defendant that he would procure the necessary right of way and a booster station and install such station before connection to defendant's line and that the defendant relied upon such statement, and but for such statement would not have entered into said contract; that the defendant hired a surveyor at the cost of $131.48 and caused necessary ditches to be dug and pipe to be laid to the expense of $701.89, all before learning of the true conditions; that the defendant advanced the plaintiff $60 in money, paid a gas bill of $20.18, for which defendant prays a judgment for $913.55 actual damages and $10,000 exemplary damages.

As to the second cause of action, to wit, the execution of the mortgage, the execution is admitted, but it is alleged that the $500 was to be paid to develop the leasehold estate and recondition the wells and install the booster plants; that none of the latter agreement was complied with and defendant prays that plaintiff take nothing because of this action.

The third, fourth and fifth causes of action are denied. For a cross-petition the defendant seeks to foreclose the $500 mortgage.

In a supplemental petition plaintiff alleges that he sold the property to A. A. Beard of Tulsa, Okla., but that on an examination of the title the said A. A. Beard finding the mortgage on record, the plaintiff lost the opportunity to sell his property to his damage in the sum of $2,500. A motion to strike the supp'emental petition was filed and overruled. A supplemental motion to strike was filed and overruled. A demurrer to the supplemental petition was filed and overruled. An answer to the supplemental petition was filed in the form of a general denial. After a verdict for $5,000, judgment was rendered by the court, which also sustained the attachment and ordered so much of the property as necessary sold to satisfy the said judgment. Motion for new trial and supplemental and a second supplemental motion for new trial were filed and overruled, from which order entering judgment and overruling the motion for new trial defendant prosecutes this appeal.

The defendant does not present any of the errors occurring at the trial or prior thereto regarding the passing upon the attachment and filing of supplemental petition, the motion to strike, the overruling thereof, the demurrer thereto, or the action of the court in failing to sustain the first or second supplemental motion for new trial.

The defendant presents only three assignments of error. The first is that the verdict and judgment is not sustained by sufficient evidence and is contrary to law. The second is irregularity in the proceedings of the court. The third is error of law occurring at the trial.

There are no specifications of error and the argument is presented in the brief under one heading. Although in the first paragraph the defendant complains that no instruction was given respecting defendant's mortgage, defendant fails to point out specifically wherein the instructions failed and what instruction given and excepted to constitutes error, or what instruction asked and refused constitutes error. Assignments of error not set out in the brief or not argued or supported by authorities are waived. Grand Lodge v. Hopkins, 175 Okla. 170, 52 P. (2d) 4; Griggs v. Reeser Motor Co., 159 Okla. 279, 16 P. (2d) 252; Moseley v. Boyd, 167 Okla. 485, 30 P. (2d) 897. All the last of the brief dealt with the sufficiency of the evidence to sustain the verdict and judgment of the court. No authorities are cited or presented in such argument.

We have held that this court will not examine the evidence to determine the sufficiency thereof to support the verdict and judgment of the court where the defendant has neither demurred to the evidence nor moved for a directed verdict. Holland Banking Co. v. Dicks, 67 Okla. 228, 170 P. 253; Local Bldg. & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156: Midland Valley Ry. Co. v. Barnes, 162 Okla. 44, 18 P. (2d) 1089; Grayson v. Brown, 166 Okla. 43, 26 P. (2d) 204; Panther Oil & Gas Co. v. Brown, 170 Okla. 210, 39 P. (2d) 150; Carr v. Puckett, 176 Okla. 140, 54 P. (2d) 1063. We find no exception to the exclusion or introduction of evidence set out or argued with the exception of a reference to exhibit 4. We fail to find that the evidence was challenged either by a demurrer thereto or a motion for a directed verdict after the evidence was concluded. As aforesaid, at the close of the argument with relation to the evidence, the defendant alleged error in excluding exhibit No. 4 offered in evidence to establish the figures obtained from the Conservation Department of the State of Oklahoma with relation to the runs from the gas wells of plaintiff. This exhibit is not set out in the brief. No authorities are cited supporting the pertinency of the exhibit, or its competency to support the theory of the defendant's case as presented to the

court. In fact, defendant merely makes the statement that this exhibit would have thrown great light on the volume and pressure of the wells in question at the time of the gas purchase contract, and should have been admitted in evidence for the consideration of the jury. Such statement is too general to constitute error sufficient to cause a reversal even conceding the competency of such evidence.

Error must affirmatively appear where it is claimed the court improperly excluded evidence. Panther Oil & Gas Co. v. Brown, 170 Okla. 210, 39 P. (2d) 150.

Finding no error in the judgment of the trial court, such judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.